## S. H. FULLERTON *et al.* v. W. R. HILL.

GUARANTY OF NOTE, *Evidence to Explain.* A stranger to a promissory note, who writes his name across the back thereof before it is delivered to the payee, incurs, *prima facie*, the liability of a guarantor. But parol proof may be received to show the exact liability of such indorser, by showing the agreement and understanding of the parties at the time of such indorsement.

*Error from Graham District Court.*

THE material facts are stated in the opinion herein, filed April 9, 1892.

*W. W. & W. F. Guthrie,* for plaintiffs in error.

*Z. C. Tritt,* for defendant in error.

Opinion by STRANG, C.: This action was brought by the plaintiffs, as plaintiffs in the court below, upon a promissory note executed to them by A. L. Dunnwoody and Mary J. Dunnwoody, and indorsed by the defendant, W. R. Hill. The action was also for the foreclosure of a real-estate mortgage, given by A. L. Dunnwoody and wife to secure in part said note. Hill answered, and alleged that at the time he indorsed the note he did so only upon the special agreement with the plaintiffs and the other defendants that, if he would indorse the note, they would, when one-half the amount of said note was paid, surrender said note and take a new note for the balance, secured by a mortgage to be given by the Dunnwoodys upon certain real estate. He also says that subsequent to his indorsement of the note one-half of said note was paid, and the mortgage was given by the Dunnwoodys and taken by the plaintiffs as agreed; but that, instead of surrendering the old note and taking a new one, the plaintiffs retained the old note, and took the mortgage as security for the balance due thereon. A reply was filed, denying generally the allegations of Hill's answer, and the case went to trial on the issue made by Hill.

Judgment was taken for plaintiffs against A. L. and Mary J. Dunnwoody for the balance due, and the mortgage was foreclosed. The trial was by the court, which found in favor of Hill, that he was not liable on the note, and he recovered judgment for his costs. Motion for new trial was overruled, and the plaintiffs bring the case here, and allege for error the overruling by the court of the objection to the reception of evidence under the answer of defendant Hill. And, secondly, they allege that the court permitted Hill, over their objection, to introduce evidence in proof of a concurrent parol agreement, limiting his written liability on the note sued on.

The first inquiry in this case is, what is the character of Hill's liability on the note sued on? Hill was a stranger to the note. What liability did he incur by writing his name across the back thereof? This question was settled in this state at a very early day. In the case of *Firman v. Blood,* 2 Kas. 497, this court declares that the liability incurred by an irregular indorsement of a promissory note, that is, the writing of his name by a stranger to the note across the back thereof, is, *prima facie,* that of a guarantor.

Judge KINGMAN, delivering the opinion of the court, says:

"If the note is designed for the payee, then he cannot be held as an indorser. He is a stranger to the note. He must be held either as an original promisor or guarantor. . . . Holding then that, in settling this question for the first time, it is well to follow those decisions that seem best to interpret the original understanding of the parties, we think, in the absence of proof, Wilder and Morrow should be held as guarantors."

Wilder and Morrow, strangers to the note, had written their names across the back of said note. They sustained, *prima facie,* the same relation to the note sued on in that case that Hill does to the note sued on in this case.

The case of *Fuller v. Scott,* 8 Kas. 25, follows the Firman case. In that case it is said: "The indorsement of the name of a third person upon the back of a promissory note is *prima facie* evidence of a contract of guaranty."

In the case of *Whittenhall v. Korber*, 12 Kas. 620, the Firman case is again recognized and referred to as stating the law on this question. (See also *Sarbach v. Jones*, 20 Kas. 497; *Withers v. Berry*, 25 id. 373; *Talley v. Burtis*, 45 id. 151, and cases there cited.)

The liability of Hill being fixed, *prima facie*, as that of guarantor instead of that of commercial indorser, parol testimony may be given to show his *exact* relation to the other parties to the note, and the exact liability assumed by him when he put his name thereon.

"The difference is this: In Massachusetts he is presumed to be an original promisor; in Ohio he is presumed to be a guarantor; but in *either* state parol evidence is received to rebut the presumption, and show what liability it was intended he should assume, and what relation he should sustain to the paper." (*Firman v. Blood*, supra.)

In *Fuller v. Scott*, 8 Kas. 25, the court says that the liability incurred by a stranger to a promissory note, by writing his name across the back thereof, is that of an implied guaranty, unless the same is inconsistent with the understanding of the parties, clearly recognizing the right to show, by parol proof, the exact liability so incurred, according to the understanding of the parties at the time of the indorsement and delivery of the note.

In *Withers v. Berry*, supra, one, a stranger to a note, who had written his name across the back thereof, was permitted when sued thereon to show that at the time the note became due the maker thereof was solvent, and that the note could have been collected of him by the exercise of reasonable diligence, but that afterwards the maker became insolvent, and such showing was held a good defense. In the case of *Talley v. Burtis*, 45 Kas. 147, the same principle is recognized.

Counsel cite the case of *Doolittle v. Ferry*, 20 Kas. 230, to show that oral testimony may not be received to affect the liability of the indorser on a note. The distinction between that case and this is, that in this case Hill was a stranger to the note he indorsed, and in law became, *prima facie*, a guar-

antor thereof, while in the case cited Ferry and Watson were the payees in the note, and by their indorsement became liable as commercial indorsers. Their indorsement carried with it the title to the note, while in the case at bar Hill's indorsement did not in any way affect the title to the note. A different rule prevails in the cases because of the different liabilities incurred by the indorsement of a note by the payees therein and by a stranger to the note. We think the defense of Hill was one that could properly be set up and proven in the case, and the court having made a general finding in favor of Hill thereon, the case must be affirmed, and it is so recommended.

By the Court: It is so ordered.

All the Justices concurring.