W. F. KLINE *et al.* v. THE BANK OF TESCOTT.

NOTE *Made by Corporation—Extrinsic Evidence to Explain.* Where a note is executed by a corporation, and is signed by its president and secretary, and its directors write their names upon the back thereof as directors, before delivery, extrinsic evidence is admissible between the original parties or any subsequent holder of the note, accepting the same as collateral, with full notice of all the facts and circumstances connected with the execution and delivery thereof, not only to show that the president and secretary executed the instrument in their official capacity as officers of the corporation, but also that the directors signed the note on the back thereof solely as officers of the corporation, and to bind the corporation only.

*Error from Ottawa District Court.*

THE Bank of Tescott, a banking corporation, located in Ottawa county, in this state, brought its action against the Kanopolis Creamery Company and others, upon a promissory note, of which the following is a copy:

"$950.                KANOPOLIS, KAS., June 1, 1888.
"Nine months after date, we promise to pay to the order of Western Creamery Building and Supply Company, nine hundred fifty dollars, at the Kanopolis State Bank, Kanopolis, Kas., with interest at the rate of twelve per cent. per annum from date until paid.
    [Signed]    KANOPOLIS CREAMERY COMPANY.
    No. 1120.            H. C. WAITE, *President.*
    Due March 1, 1889.    W. B. WOOLEY, *Secretary.*"

On the back of the note is: "W. F. KLINE,
　　　　　　　　　　　WM. VANDEVENTER,
　　　　　　　　　　　H. V. FARIS,
　　　　　　　　　　　D. H. FUNK,
　　　　　　　　　　　　　*Board of Directors.*"

Underneath is:

"TESCOTT, KAS., August 15, 1888.

"For value received, we hereby sell and assign this note to the Bank of Tescott, or order, and guarantee payment at maturity; demand, notice of nonpayment and protest waived.
WESTERN CREAMERY BUILDING AND SUPPLY COMPANY."

The petition charged the Kanopolis Creamery Company as a corporation, and sought to hold the creamery company, H. C. Waite, and W. B. Wooley, as makers. It charged and sought to hold Kline, Vandeventer, Faris and Funk as guarantors. It charged F. F. Scidmore, F. L. Scidmore, and M. B. Buell, as partners under the firm name of "Western Creamery Building and Supply Company," as indorsers. The two Scidmores and Buell were residents of Ottawa county. The action was brought on the note in Ottawa county, and summons issued against all the other defendants to Ellsworth county, where they reside. The Kanopolis Creamery Company and the Scidmores and Buell did not answer, but made default; all of the other defendants joined in an answer. The answer first denied under oath all of the allegations of the petition except the incorporation of the Kanopolis Creamery Company. Second, the answer alleged as a defense, in brief that the Scidmores and Buell came to Kanopolis and promoted a creamery enterprise; that they solicited subscriptions to that end, and all of the defendants became subscribers as well as many others—it being the object of the promoters when subscriptions sufficient were made to incorporate the subscribers and issue stock to them to the amount of their several subscriptions; the sums so subscribed to be taken by the Scidmores and Buell as payment for the creamery which they were to erect for the intended corporation. Just prior to June 1, 1888, the subscription list was still short $950 of the amount the Scidmores and Buell were to have

for the building of the creamery. They then proposed to the several subscribers that the corporation be formed at once; that for the balance, of $950, they would take the note of the creamery company itself, and proceed to erect the creamery. Their proposition was accepted. The corporation was formed, and on June 1, 1888, the officers met to give the note; the note was written on the blank form of the Kanopolis bank; when it came to executing the note, the defendants, who were the officers of the creamery corporation, only intended to give a note of the corporation. F. F. Scidmore was present, and assured them that the only way to make a corporation note was for all the officers and directors of the corporation to sign their names and attach their official positions to their names. He also assured the defendants that, by signing this note in the manner it is signed, no personal liability would be incurred, but the note would be the note of the corporation alone; that being the note the Scidmores had agreed to take and the corporation to give. Defendants believing in and trusting to the representations of Scidmore, that in signing the note in the name and form it is signed they would not create any personal liability, and that they, as officers of the creamery company, were only giving the note of the company, the Scidmores obtained the paper sued on in this case.

To the answer a reply of general denial was made. The case came on for trial before the court and a jury. The court held that on the face of the paper it was the note of the Kanopolis Creamery Company, and that Waite and Wooley executed it in their official capacity and were therefore not liable personally, but that the other defendants were liable as guarantors. The court also held that there was no question in the case except the assignment, which the court permitted to go to the jury. The court excluded all evidence of the second defense set up in the answer, and defendants excepted. Judgment was rendered for plaintiff below. The defendants below, who were held as guarantors, excepted, and bring the case here.

*Lafferty & Sternberg*, for plaintiffs in error:

Notice in this case was notice to the bank. Wade, Notice, § 672; *Mann v. National Bank*, 30 Kas. 412.

The note in this case is not transferred by indorsement but by assignment. It is therefore taken subject to all defenses. *Hatch v. Barrett*, 34 Kas. 230; *Briggs v. Latham*, 36 id. 210; *McCrum v. Corby*, 11 id. 470. No value passed from the Bank of Tescott to the assignor, the payee of the note. It was taken on account of a preëxisting debt. Therefore the note is taken subject to all equities. *Wells v. Jones*, 41 Mo. App. 7; *Mann v. National Bank*, 30 Kas. 412.

The defendants were entitled to prove the circumstances under which the note was given. The court below erred in not permitting plaintiffs in error to introduce evidence in support of their answer. Parol evidence is admissible showing the real nature of the transaction. 2 Par. Notes & B., 520; *Ricketts v. Pendleton*, 14 Md. 320; *Hamburger v. Miller*, 68 id. 317; *Riley v. Gerish*, 9 Cush. 107. See, also, *Breneman v. Furniss*, 90 Pa. St. 186; *Talley v. Burtis*, 45 Kas. 147; *Fullerton v. Hill*, 48 id. 558; *Nati nal Bank v. Boardman*, 48 N. W. Rep. (Minn.) 1116; *Kingsland v. Koeppe*, 35 Ill. App. 81; Tied. Com. Paper, §§ 272, 274, and cases cited.

The note and the signatures both on the face and back show on the whole paper itself that it is simply a note of the Kanopolis Creamery Company, payable to Western Creamery Building and Supply Company, just as the parties at the time intended it should be. If defendants had been permitted to introduce evidence at all, they would have shown that the only reason that the names of the directors appeared on the back and not on the face was, because there was not room to put them on the face of the form used.

See *Turner v. Potter*, 56 Iowa, 251; *Castle v. Belfast Co.*, 72 Me. 167; *Folk v. Moebs*, 127 U. S. 597; *Hitchcock v. Buchannan*, 105 id. 536; 68 Tex. 127; *Laird v. Davidson*, 124 Ind. 412.

*Chipman & Maltby*, for defendant in error:

The signatures of defendants below had no legal effect whatever to bind the company, and they will no more be heard to say that they intended by their signatures to bind the company only, than any other stranger who should sign his name in the same manner. Mistakes of law as to the liability assumed are not a defense in actions upon promissory notes. *Cook v. Brown*, 62 Mich. 473; same case, 4 Am. Rep. 870. The case of *Fullerton v. Hill*, 48 Kas. 558, cited by plaintiffs in error, although supported by considerable authority, goes to the extreme limit, and yet the decision in that case falls clearly short of the facts claimed as a defense in this action. See *Good v. Martin*, 95 U. S. 90, 96; Lawson, Rights, Rem. & Pr., § 1595; *Doolittle v. Ferry*, 20 Kas. 230; Tied. Com. Paper, § 273.

In all the cases cited by plaintiffs in error, the signatures were those of such officers as usually execute notes for the corporation, (*i. e.*, president, treasurer, or secretary,) and the addition of their official titles of itself would rebut the idea that they intended to assume a personal liability. But even if it should be thought that the evidence sought to be introduced would be admissible in an action by the original payee, still it would not be admissible against a *bona fide* holder of the note. Lawson, Rights, Rem. & Pr., § 1575, and authorities cited.

Notice to Scidmore of defects in the note (if any existed) would not be notice to the bank of which he was cashier, because in the acceptance of the note by the bank Scidmore was an adverse party dealing with the bank at arm's length. *Wickersham v. Zinc Co.*, 18 Kas. 481. The indorsement upon this note is a good indorsement to convey title and is sufficient to cut off equities. *Helmer v. Commercial Bank*, 44 N. W. Rep. 482; *Weitz v. Wolfe*, 44 id. 485; *Buck v. Davenport Bank*, 45 id. 776; *Speltz v. Same*, 45 id. 777.

The opinion of the court was delivered by

HORTON, C. J.: On August 15, 1888, the discount com-
mittee of the Bank of Tescott accepted the note of the Kan-
opolis Creamery Company to the Western Creamery Building
and Supply Company, of June 1, 1888, for $950, "as col-
lateral." F. F. Scidmore, F. L. Scidmore and M. B. Buell
were partners, under the firm name of the Western Cream-
ery Building and Supply Company. This company was also
a stockholder in the Kanopolis Creamery Company, a corpo-
ration duly organized and existing under the laws of this
state. F. L. Scidmore was a director of the Bank of Tescott.
F. F. Scidmore was the cashier of the bank, and the discount
committee of the bank consisted of F. F. Scidmore, T. E.
Scidmore, and T. B. Seers. F. F. Scidmore was the person
who secured the note sued on, and knew all the facts and cir-
cumstances under which it was executed and delivered, and
was present with the discount committee of the bank when
that committee acted upon and accepted the same. Under
the rule in *Mann v. National Bank*, 30 Kas. 412, we must
treat the note as if this action were between the original par-
ties only, as if no assignment or transfer had been made.
The trial court held that the note upon its face was the note
of the Kanopolis Creamery Company, and that Waite and
Wooley executed it in their official capacity only, but that
the parties who signed upon the back were liable personally
as guarantors. If extrinsic evidence were not admissible, the
ruling of the trial court would be correct. Under the au-
thorities, if the parties who signed the note on the back, and
who composed the board of directors of the Kanopolis Cream-
ery Company, had signed the note upon its face, they could
show they made it only in their official capacity as directors
of the corporation.

"Where individuals subscribe their proper names to a
promissory note, *prima facie* they are personally liable, though
they add a description of the character in which the note is

given; but such presumption of liability may be rebutted, as between the original parties, by proof that the note was in fact given by the makers as agents, with the payee's knowledge." (Byles, Bills, 27, n. 1; *Haile v. Peirce*, 2 Md. 327; *McWhirt v. McKee*, 6 Kas. 412; *Talley v. Burtis*, 45 id. 147.)

In this case, it is claimed that if extrinsic evidence had been received, it would have shown the directors of the Kanopolis Creamery Company—the corporation—signed their names at the instance of F. F. Scidmore, one of the members of the Western Creamery Building and Supply Company, on the back of the note as officers of the corporation, and for the corporation only. It is claimed that F. F. Scidmore assured these directors that the only way to make a corporation note was for the officers and directors of the corporation to sign their names and affix their official positions thereto, and that the note was thus signed under his direction to bind the corporation, but not the officers individually. If the parties who wrote their names upon the back of the note as directors had signed their names upon the face thereof, they could have shown by extrinsic evidence that they were acting for the corporation only, and we perceive no reason why, as between the original parties or any subsequent holder of the note accepting the same as collateral, with full notice of all the facts and circumstances connected with the execution and delivery thereof, the same rule will not apply when such signatures are upon the back of the instrument before delivery.

In *Fullerton v. Hill*, 48 Kas. 558, (29 Pac. Rep. 583,) it was ruled that "A stranger to a promissory note, who writes his name across the back thereof before it is delivered to the payee, incurs *prima facie* the liability of the guarantor. But parol proof may be received to show the exact liability of such indorser, by showing the agreement and understanding of the parties at the time of such indorsement." (*Baker v. Chambels*, 4 G. Greene, 428; *Whitney v. Inhabitants of Stow*, 111 Mass. 368; *National Bank v. Boardman*, 48 N.W. Rep.

1116; *Metcalf v. Williams,* 104 U. S. 93; *Good v. Martin,* 95 id. 90.)

"Considerable diversity of decision, it must be admitted, is found in the reported cases where the record presents the case of a blank indorsement by a third party, made before the instrument is indorsed by the payee, and before it is delivered to take effect, the question being whether the party is to be deemed an original promisor, guarantor, or indorser. Irreconcilable conflict exists in that regard; but there is one principle upon the subject almost universally admitted by them all, and that is, that the interpretation of the contract ought in every case to be such as will carry into effect the intention of the parties, and in most cases it is admitted that proofs of the facts and circumstances which took place at the time of the transaction are admissible to aid in the interpretation of the language employed." (*Denton v. Peters,* Law Rep., 5 Q. B., 475; *Good v. Martin,* supra.)

We think that the parties who signed as directors had the right, at the trial, to give in evidence to the jury that the note in question was not their note as guarantors, but that it was the note of the Kanopolis Creamery Company only.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.