## W. M. BENHAM *et al.* v. J. B. SMITH.

1. CASE, *Followed.* The case of *Hill v. National Bank,* 42 Kas. 364, followed.

2. NOTE, *Signed by Corporate Officers — Personal Liability — Extrinsic Evidence.* A certain promissory note payable to S., and signed " W. M. BENHAM, President Odd Fellows' Hall Association, A. T. LEA, Secretary," was sued upon by S., the original payee, to hold Benham and Lea personally liable. The answer alleged that the note was the obligation of the Odd Fellows' Hall Association, and referred to a mortgage given by the association to S. upon certain real estate to secure the note. The mortgage concluded as follows: "In witness whereof, the said party of the first part has consented this deed to be signed by its president and attested by its secretary, and its corporate seal to be hereto affixed, the day and year first aforesaid.—W. M. BENHAM, President Columbus Odd Fellows' Hall Association. Attest: A. T. LEA, Secretary." *Held,* That B. and L., the president and secretary of the association, could introduce the mortgage and also parol evidence to show they signed for the association only, and that it was the intention of all the paties to the note to make it the obligation of the association.

*Error from Cherokee District Court.*

ON June 14, 1889, J. B. Smith brought his action against W. M. Benham and A. T. Lea upon the following promissory note:

"$179.74.          COLUMBUS, KAS., May 1, 1885.

"On or before one year after date, I promise to pay to the order of J. B. Smith one hundred seventy-nine dollars and

seventy-four cents, for value received, negotiable and payable without defalcation or discount, and with interest at the rate of 7 per cent. per annum, and if the interest be not paid annually, to become as principal and bear the same rate of interest.
                                        W. M. BENHAM,
                                    *President Odd Fellows' Hall Association.*
                            A. T. LEA, *Secretary."*

A credit of $45 was indorsed on the note, of the date of October 19, 1885. The defendants filed their answer, which it is alleged showed that the note sued on was the note of the Odd Fellows' Hall Association, of Columbus, and that the defendants were officers of the association. The answer concluded as follows:

"That the plaintiff received out of the amount borrowed by said association to pay its indebtedness the sum of $359.48, being two-thirds of the debt due him from the Odd Fellows' Hall Association, leaving still due him the sum of $179.74, for which he received the note of said association, signed by the defendant W. M. Benham as president, A. T. Lea as secretary of said association. It was understood by and between said creditors and all parties concerned that all of the notes should not bind these defendants, only as officers of the Odd Fellows' Hall Association, and in no other way."

To the answer of the defendant, the plaintiff filed a reply containing a general denial. The case was called for trial at the January term of 1890, and, upon the motion of the plaintiff, judgment was rendered in favor of the plaintiff and against the defendants for $188, and costs of $32.50. The trial court held that the answer of the defendants did not set up any legal defense to the plaintiff's cause of action, and that, upon the face of the pleadings, the plaintiff was entitled to judgment. The defendants bring the case here.

*Ritter & Skidmore, W. R. Cowley,* and *E. M. Tracewell,* for plaintiffs in error.

*L. C. True,* and *Geo. W. Littick,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A preliminary question is raised. It is insisted that the case was not presented for settlement within

the time fixed by the trial court. On April 25, 1890, the court overruled the motion for a new trial, giving 90 days to make and serve the case, 30 days to suggest amendments, and 10 days to present the case for settlement, five days' notice thereof to be given. The time to present the case for settlement ended on the 2d of September, 1890. The case was served in time, and service thereof admitted in writing by the attorneys of plaintiff below on the 19th day of July, 1890. On the 8th of August, 1890, notice was given that the case would be presented for settlement on September 3, 1890, to the district judge. Service thereof was acknowledged, as follows: "Service of the above notice is hereby acknowledged, this 8th day of August, 1890, and all further notice is hereby waived.— ANDERSON & LITTICK, *Attorneys for Plaintiff*." The case was settled and signed on September 3, 1890, by the district judge. At the time no exceptions were taken to the settling or signing of the case.

Within the authority of *Hill v. National Bank*, 42 Kas. 364, the court below had the power to settle and sign the case, although the time first fixed by its order had expired. The statute limits the time within which a case must be made and served, but no such limitation exists with respect to settling and signing a case; and the court may, for good and sufficient reasons, postpone the date for the presentation of the case, and cause it to be taken up upon reasonable notice at another time.

"An order of the court fixing the time for such action, or providing that it should be done upon certain notice to be given by either party, should not be disregarded. If the party making the case ignores the order, he does so at the peril of the refusal of the court to settle and sign at a later date." (*Hill v. National Bank*, supra.)

Upon the merits of the case, it is insisted that the answer is fatally defective, because it fails to allege that the defendants below had any power or authority from the association to execute or deliver the note, and also because it fails to allege that the note is the identical one sued on. The answer was

not demurred to, nor was there any motion filed to make it more definite or certain. A reply was filed. Under such circumstances, the allegations contained in the answer may be liberally construed. The answer refers to "Exhibit A," attached thereto and a part thereof, which is a mortgage from the Odd Fellows' Hall Association to J. B. Smith and others, to secure them, as creditors of the association, for various sums of money. It is stated in the mortgage that there is due from the association to Smith $179.74, evidenced by a promissory note of May 1, 1885, and payable one year after date. The mortgage concluded as follows:

"In witness whereof, the said party of the first part has consented this deed to be signed by its president and attested by its secretary, and its corporate seal to be hereto affixed, the day and year first aforesaid.    W. M. BENHAM,
        *President Columbus Odd Fellows' Hall Association.*
"Attest: A. T. LEA, *Secretary.*"

The answer alleges that Smith received a note from the association for $179.74, and that W. M. Benham was the president and A. T. Lea the secretary of the association. We think it sufficiently appears from all the allegations of the answer that the note sued on is the one therein referred to. If the allegations in the answer are true, they are sufficient to show that the note and mortgage were parts of the same transaction and may be construed together. If the association executed the note, and Benham and Lea only signed the same because they were officers or agents of the association, the note is the obligation of the association, not of Benham and Lea.

If it is not clear from the face of the note whether Benham and Lea contracted on behalf of the Odd Fellows' association or for themselves, then, as between the original parties, extrinsic evidence may be introduced to show in fact it was the intention of all the parties, at the time of the execution of the note and its acceptance, to bind the association only, not to make Benham and Lea liable personally. (*Fullerton v. Hill,* 48 Kas. 558; *Kline v. Bank of Tescott,* 50 id. 91.) The answer

stated a sufficient defense, and the trial court committed error in sustaining the motion for a judgment on the pleadings.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.