## H. H. GARDNER v. R. H. COOPER.

### No. 616.*   (58 Pac. 230.)

1. INDEMNITY BOND—*Pleading—Repugnancy.*   The allegation in the petition and recital in the bond sued upon considered, and *held*, that the allegations in the petition are not so repugnant to the recital in the bond as to require the trial court to strike from the petition the allegations concerning the condition of the bond.

2. ———— *Payment by Obligee—Promissory Note.*   The obligee in an indemnity bond conditioned to save him harmless from any damages, cannot maintain an action thereon until he has, by the payment of the judgment against him, been damaged; payment may be made by the note of the obligee, if accepted as actual payment and satisfaction of the judgment.

*Petition for order to certify denied by supreme court May 4, 1900.—REP.

3. ——— *Descriptive Addition to Signature—Evidence.* Where a bond is signed "H. H. G., cashier," the word "cashier" is *prima facie* descriptive only, and extrinsic evidence is admissible to show how the word was understood as determining the character in which he contracted.

4. ——— *Agency— Power of Principal— Evidence.* Where a defendant attempts to overcome his *prima facie* personal liability, on a bond signed "H. H. G., cashier," he must show that the bond was signed for and on behalf of the bank, that the bank had the power to execute the bond, that he was authorized by the bank to sign it, and that these facts were well known and understood by the obligee.

Error from Butler district court; A. M. JACKSON, judge.   Opinion filed September 16, 1899.   Affirmed.

*A. L. Redden,* for plaintiff in error.

*Leland & Harris,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The defendant in error, R. H. Cooper, purchased from Horace Blakely a stock of goods, which was afterward levied upon by attaching creditors.   Suit for conversion was brought and judgment obtained by R. H. Cooper against Sheriff H. T. Dodson.   In settlement of this judgment Dodson executed and delivered to Cooper his promissory note for the amount thereof, with interest, and assigned to Cooper the following indemnifying bond, given to him prior to the levying of the attachments :

"STATE OF KANSAS, BUTLER COUNTY, ss.

"H. T. SIMON *et al., Plaintiffs,*     In the district court in and for said
              vs.                          county.
HORACE BLAKELY, *Defendant.*

"WHEREAS, The above-named plaintiffs have sued out a writ of attachment herein against defendant and ordered the same levied by H. T. Dodson, sheriff of said county, on goods, wares and merchandise claimed to be owned by third parties : now, we, the undersigned, promise and undertake to said H. T. Dodson,

sheriff of said Butler county, Kansas, to hold him harmless from all loss and damage by reason of such levy.                    H. T. SIMON ,AND MORSE.
                      By E. E. CARR, *their Attorney*.
                    H. H. GARDNER, *Cashier*.''

''STATE OF KANSAS, BUTLER COUNTY, SS.

''I, H. H. Gardner, do solemnly swear that I am worth the sum of $3000 over and above all my debts, liabilities, and exemptions.   So help me God.
                    H. H. GARDNER, *Cashier*.''

''Subscribed and sworn to before me, this 29th day of November, A. D. 1894.
                    H. T. BROWN, *Notary Public*.
                    (My commission expires June 6, 1886.)''

''WEBB CITY, Mo., January 28, 1895.

''For value received, I hereby assign and set over to R. H. Cooper the within bond and all right of action thereunder.

''Witness my hand the day and year above written.
                    H. T. DODSON.''

Afterward Cooper commenced this action on the bond and recovered a judgment against H. H. Gardner, plaintiff in error, for the sum of $550.   Gardner brings the case here for review.

It is claimed that the trial court erred in overruling the motion of plaintiff in error to strike from the petition certain allegations concerning the conditions of the bond, for the reason that the conditions as stated did not exist and were not contained in the bond. The petition alleges that

''by the terms and conditions of which they promised and agreed to indemnify the said H. T. Dodson and hold him free and harmless from all trouble, loss, suits, costs and judgments resulting from the service of said order of attachment and the sale of all or any goods or chattels taken thereunder.''

The recital in the bond, which is made a part of the petition, is as follows :

''Now, we, the undersigned, promise and undertake

obtained from Cooper a release.  In the case of *Bauman v. Credit Guarantee Co.*, 47 Minn. 377, 50 N. W. 496, the court said :

"It is well settled in this country, in accordance with the rule of the civil law, that the giving by a surety or secondary debtor of his own negotiable promissory note, which is accepted by the creditor, not collaterally, but as actual payment and satisfaction of the original debt, will be held payment as against the principal debtor, and gives at once a right of action against him by the surety for the amount of his note ; in other words, the note is treated as money."

The doctrine laid down in the case of *Wilson v. Smith*, 23 Iowa, 252, and authorities there cited, we think applicable here.  The court said :

"The obligee in an indemnity bond, conditioned to save him harmless from any *damages*, cannot maintain an action thereon until he has, by the payment of the judgment against him, been damaged.  But it seems, if the bond is conditioned to save him from all liability, that he might maintain an action without paying the judgment."

"Payment of the judgment in the first class of cases may be made otherwise than in money.  It may be made in the note of the obligee, and thereupon he or his assignee may maintain an action upon the bond."

Plaintiff in error contends :

"The court erred in withdrawing from the consideration of the jury the evidence that had been offered and received establishing the fact that the bond in controversy was executed by the plaintiff in error and received by Dodson as the bond of the bank, and not the personal obligation of the plaintiff in error."

The court instructed the jury as follows :

"There has been some testimony offered here on behalf of the defense tending to prove the fact that this bond was executed by the defendant, Gardner,

to said H. T. Dodson, sheriff of said Butler county, Kansas, to hold him harmless from all loss and damage by reason of such levy."

The allegations in the petition are not so repugnant to the recital in the bond as would, under our liberal rules, justify this court in declaring the ruling of the trial court on the motion to be error. Motions of this character, however, made in time, are looked upon with favor and should be carefully considered by trial courts, that the pleadings may be purged of redundant, irrelevant and immaterial matter.

It is further contended that the court erred in overruling the general demurrer to the petition. The proposition contended for is "that the defendant was not liable unless there had been some actual loss or damage sustained by Dodson by reason of the levy; that the plaintiff in error was not liable unless Dodson had paid the judgment rendered against him in favor of Cooper." It is alleged in the petition :

"That on the 28th day of January, 1895, the said H. T. Dodson, in payment and satisfaction of said judgment, gave this plaintiff his promissory note due one day after date for the sum of $4193, the amount of said judgment, interest, and costs, and said plaintiff executed and delivered to said H. T. Dodson a release and discharge from and satisfaction of said judgment. That at the time of the execution and delivery of said note the said H. T. Dodson, as security for the payment of the money mentioned therein, assigned in writing the above-mentioned indemnifying bond, and all his right, title and interest therein and right of action thereunder, to said plaintiff."

The authorities on this proposition do not agree. In our opinion, the allegations of the petition are sufficient. Dodson satisfied the judgment by giving his note, together with an assignment of the bond, and

and delivered as the bond of the Exchange National Bank, and not as an individual bond, and that it was accepted by Dodson, as sheriff, as such bond; but, in the opinion of the court, the evidence is insufficient to warrant any such conclusion, and, therefore, all that evidence with reference to the capacity in which he signed that bond will be withdrawn from your consideration, and you will not consider it at all in the determination of this action.''

It will be observed that the bond is signed, '' H. H. Gardner, cashier.'' The word cashier is *prima facie* descriptive only, and extrinsic evidence is admissible to show how the word was understood, as determining the character in which he contracted. There is an uncertainty appearing on the face of the contract. It is doubtful for what purpose the word '' cashier '' is used; this may be shown by parol. It is true that there is nothing in the body of the contract to indicate that the bank is to be bound thereby. Upon its face it is *prima facie* the signature of H. H. Gardner, but the word '' cashier '' affixed to the signature is sufficient to bring it within the rule stated in the case of *Rowell v. Olson*, 32 Minn. 288, 20 N. W. 227, where the court said:

'' It is incompetent to prove by parol that a written contract was made on behalf of one not named in it, unless there be words ( such as ' agent,' ' trustee,' or the like ) affixed to the name of the contracting party which may indicate that he is contracting for another.''

See *Souhegan National Bank v. Boardman*, 46 Minn. 293, 48 N. W. 1116.

In the case of *Kline v. Bank of Tescott*, 50 Kan. 91, 31 Pac. 688, the syllabus reads as follows:

'' Where a note is executed by a corporation, and is signed by its president and secretary, and its directors

write their names upon the back thereof as directors, before delivery, extrinsic evidence is admissible between the original parties or any subsequent holder of the note, accepting the same as collateral, with full notice of all the facts and circumstances connected with the execution and delivery thereof, not only to show that the president and secretary executed the instrument in their official capacity as officers of the corporation, but also that the directors signed the note on the back thereof solely as officers of the corporation, and to bind the corporation only."

See *Benham v. Smith*, 53 Kan. 495, 36 Pac. 997 ; *Shaffer v. Hohenschild*, 2 Kan. App. 516, 43 Pac. 979.

In this case it may be said that the signature, " H. H. Gardner, cashier," is *prima facie* descriptive of the person who signed the bond, or indicative of the character in which he signed it ; it may be also that " H. H. Gardner, cashier," is *prima facie* liable individually. The evidence withdrawn was competent so far as it went, but before the *prima facie* liability could be overcome, before the trial court could submit the evidence to the jury as tending to establish a defense, it was incumbent upon the defendant to prove that the bank had the power to sign the bond, and that it authorized it to be done. This was not attempted; the evidence therefore was properly withdrawn. (*Brunswick-Balke-Collender Co. v. Boutell*, 45 Minn. 21, 47 N. W. 216.)

The judgment of the district court is affirmed.

REHEARING.
Opinion filed March 19, 1900.

PER CURIAM : It appearing that our decision in this case, as reported in 58 Pac. 230, was rendered after the death of H. H. Gardner, plaintiff in error, applications for a revivor and a rehearing have been granted. We have again considered the questions presented by

counsel for plaintiff in error, with the result that the views heretofore expressed remain unchanged. Some of the points argued by counsel were not specially referred to in the former opinion.

We hold that Cooper's right of action on the indemnifying bond sued upon herein accrued in September, 1894, when final judgment was rendered in his favor in the action against H. T. Dodson, as sheriff, for conversion of the Blakely stock of goods. The verdict in the present case is for about one-seventh of the amount of the judgment in the action against Dodson for conversion, and it appears that the value of the goods seized in the action wherein the present indemnifying bond was given bore that ratio to the value of the entire stock which was all seized by the sheriff, although the levy under each order of attachment was upon a definite portion thereof. It is clear from the verdict that the jury were not misled by the general statement in instruction No. 1 as to the amount which might be awarded to the plaintiff below, and that the jury were guided in that respect by instruction No. 2 which correctly stated the proposition of law applicable to the proved facts.

The judgment of the district court is affirmed.