THE WESTERN GROCER COMPANY V. WILLIAM LACK-
MAN *et al.*

No. 14,808   (88 Pac. 527.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTES—*Signed by Agents—Parol Evidence.* In an action by the payee of a promissory note against the makers, signed "The Kansas City & Olathe Electric Ry. Co., Wm. Lackman, President, D. B. Johnson, Secretary," evidence is admissible to show that the note was the obligation of the company and not of Lackman and Johnson.

2. ——— *Instruction as to Intention of Agents in Signing.* In an action on such a note, in the absence of any evidence of representations on the part of the individuals signing the

note, it is not error for the court to confine its instructions to the intentions of the individuals in signing the note. What the payee understood from the face of the note when it was accepted is not material.

3. —————— *Corporation Authorized to Execute Notes—Personal Liability of Agents.* In such an action, when the corporation is authorized by law to execute notes and bonds, it is not incumbent upon the officers whose duty it is to sign the corporation's notes, in order to escape personal liability, to show that the corporation had authority to execute notes or that the directors had in fact authorized them to execute the note for the corporation.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed January 5, 1907. Affirmed.

*Karnes, New & Krauthoff, Edwin Camack,* and *I. O. Pickering,* for plaintiff in error.

*J. W. Parker,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was an action against D. B. Johnson and William Lackman on a promissory note payable to the plaintiff and signed as follows: "The Kansas City & Olathe Electric Ry. Co., Wm. Lackman, President, D. B. Johnson, Secretary." A verdict was returned for defendants, upon which the court rendered judgment. The plaintiff prosecutes error.

Some questions are argued by both parties which may be eliminated at once. The answer was not a denial of the execution of the note; there was no evidence of any mistake having been made in the execution of the note; and neither question was submitted to the jury by the instructions. The actual defense, and the one which was tried and submitted to the jury, was, Did the defendants when executing the note intend to bind themselves or did they intend to bind the corporation?

It has been held in this state that where it is uncertain from the face of the note whether it was intended

to be the note of the corporation or of the individuals signing, or both, if the litigation arises between the original parties evidence may be introduced to explain the ambiguity. (*Kline v. Bank of Tescott*, 50 Kan. 91, 31 Pac. 688, 18 L. R. A. 533, 34 Am. St. Rep. 107; *Benham v. Smith*, 53 Kan. 495, 36 Pac. 997.) Upon the question whether a note signed as above is the obligation of the corporation or of the individual signers the cases are so conflicting that it would be useless to attempt to reconcile them.

Plaintiff assigns error in the refusal of the court to instruct the jury that before the defendants could show that the note was signed by them as the obligation of the corporation only they must prove that it was such a corporation as was authorized to execute promissory notes and that the directors had authorized them to execute the note in question for it, and it cites *Gardner v. Cooper*, 9 Kan. App. 587, 58 Pac. 230, 60 Pac. 540, as authority. That action was on an indemnity bond to which the bank was not a party. It was signed "H. H. Gardner, Cashier." In an action thereon Gardner attempted to prove that the bond was that of the bank of which he was cashier at the time. The court of appeals held that before Gardner could disprove his *prima facie* personal liability he must show that it was signed for and on behalf of the bank, that the bank had authority to sign such an instrument, and that it had authorized him to sign the bond for it. Banks generally have no authority to sign such instruments, and *prima facie* a cashier has no authority by reason of his position to sign such bonds for the bank of which he is cashier, but the rule is different with railroad corporations. Such corporations may bind themselves by bonds and notes, and they can only execute them by the president and secretary.

The court instructed the jury generally that if they found from the evidence that it was not the intention of the defendants to execute their personal note to the plaintiff but only to execute the note of the corporation

the plaintiff could not recover. Error is predicated on this instruction, for the reason that it limits the inquiry to the intentions of Lackman and Johnson, without reference to the intention or understanding of the plaintiff at the time the note was accepted. It appears from the evidence that when the note was executed the plaintiff had no representative present and no explanation was made when the note was delivered. It was accepted without any express understanding between the parties as to whether it was the note of Lackman and Johnson or the corporation or whether it was their joint note. So the inquiry was necessarily limited to the intention of Lackman and Johnson when signing the note. Since it is not claimed that there was any representation by Lackman and Johnson which induced the plaintiff to accept the note, and since it drew its conclusion and understanding from the note alone, what it understood from reading the note could not deprive Lackman and Johnson of their defense or broaden the inquiry to include the intention or understanding of the plaintiff.

It is contended that there was error in permitting the defendants to testify to the conversation had between them and the attorney for the corporation when the note was signed as to the manner of signing it for the corporation. The ruling was not prejudicial.

The judgment is affirmed.