No. 18,725.

FRANK H. MENROW, *Appellant*, v. RICHARD POOL, *Appellee*.

SYLLABUS BY THE COURT.

1. CONFLICTING EVIDENCE—*Verdict Must Stand*. The rule that a verdict based on conflicting evidence and approved by the trial court must stand—followed.

2. LEASE—*Assigned by Lessor to Purchaser of Land—Outstanding Note for Rent—Proper Subject for Separate Agreement and Disposition*. In a trade for certain land on which there was an existing written lease the latter was turned over as a part of the consideration pursuant to the written contract of the parties. A note for $100 of the rental under the lease, which note was not mentioned therein or in the contract between the parties, was a proper subject for separate agreement and disposition, and such agreement, being verbal, did not vary or contradict the terms of either written instrument.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed July 7, 1914. Affirmed.

*John W. Adams, George W. Adams,* and *George L. Skidmore,* all of Wichita, for the appellant.

*David Smyth,* and *J. W. Smyth,* both of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff purchased of the defendant certain real estate which was leased to one Bennett until February of the following year. By the terms of this lease Bennett was to pay, in addition to a certain portion of the crop, $100 on the first of the following December, without interest until due. For this sum he had given his note to the defendant. The lease was assigned to the defendant and the note was delivered to him. In the settlement between the plaintiff and the tenant Bennett the latter was charged with the full amount of the note, which was by the plaintiff marked "Paid in full." Afterwards Bennett was informed that the note had not been turned over to the plaintiff as his property, but had been delivered to him for the purpose of presenting it to Bennett, and the latter sued the plaintiff for the amount thereof and recovered, the defendant herein being a witness for Bennett in that action. The plaintiff brought this action against the defendant, alleging that the note was turned over to the plaintiff as his property, and that the defendant conspired with Bennett and by false testimony caused the plaintiff the loss of such note, to his damage of $101. The jury found for the defendant and the plaintiff appeals.

The controversy hinges on the question as to what disposition was actually made of the note in the trade in which the lease was assigned to the plaintiff. The latter insists that the note went to him as a part of the consideration, and that the assignment of the lease itself operated to make him the owner of the note, while the defendant contends that in the transaction between

him and the plaintiff it was expressly agreed that the note was not to be turned over to the plaintiff, but that it was to be presented to Bennett, who had suffered a partial crop failure on the land; that it was agreed that the plaintiff might present the note to Bennett, as the plaintiff desired to retain him as a tenant and gain his friendship. There was testimony sufficient to justify the jury in finding either way on this controverted point. The verdict was in favor of the defendant and was approved by the trial court, and is thus beyond our control.

The plaintiff argues that the court should have charged the jury that the lease carried with it the ownership of the note, and that they should have been instructed that the written contract could not be varied by parol evidence. There was a written contract for the sale of the land, but the only provision touching the lease was as follows: "It is further agreed that said first party is to pay to second party $1200, and turn over lease of said farm for the year 1911." There is nothing in the lease or in the contract to indicate that a note had been given for the $100, and it is difficult to see how the claimed arrangement touching such note could be deemed to contradict the terms of the written contract between the parties, which simply called for turning over the lease. This provision was literally complied with by turning over the lease. Whether such provision was intended to include the note could only be determined from a knowledge of facts properly shown by parol. Such evidence would not contradict the contract, but clear up a facial ambiguity, and this is permissible. (17 Cyc. 638; *Kline v. Bank of Tescott*, 50 Kan. 91, 31 Pac. 688; *Grocer Co. v. Lackman*, 75 Kan. 34, 88 Pac. 527; *Wagon Co. v. Wilson*, 79 Kan. 633, 101 Pac. 4; *Van Arsdale v. Foster*, 79 Kan. 669, 100 Pac. 480; *Heskett v. Elevator Co.*, 81 Kan. 356, 105 Pac. 432.)

The plaintiff alleged and prayed for damages in the sum of $101, and hence the action is appealable.

The judgment is affirmed.