No. 22,866.

THE SOLOMON NATIONAL BANK, *Appellant,* .v. THE CONTI-
NENTAL TRUST COMPANY et al. (L. A. MERGEN, *Appellee.*)

SYLLABUS BY THE COURT.

PROMISSORY NOTE — *Descriptive Addition to Signature* — *Oral Evidence
to Explain Intent.* In an action against the makers of a promissory
note by the payee thereof, signed "The Salina Trust Company, W. B.
Middlekauff, L. A. Mergen, Treas.," an answer by L. A. Mergen which
alleges that he signed the note as treasurer of the Salina Trust Com-
pany, that he was authorized so to do, that the note was the note of
the trust company, that it was not the note of L. A. Mergen, and that
the payee had knowledge of such facts and accepted the note as the
note of the trust company and not of L. A. Mergen, states a defense
in the action as to him, and a demurrer to the answer is properly over-
ruled.

Appeal from Saline district court; DALLAS GROVER, judge.
Opinion filed November 6, 1920. Affirmed.

*David Ritchie,* of Salina, for the appellant.

*C. L. Kagey,* and *Omer D. Smith,* both of Beloit, for the
appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment over-
ruling its demurrer to the answer of defendant L. A. Mergen,
filed against the petition of the plaintiff in an action by it
against the Continental Trust Company, W. B. Middlekauff
and L. A. Mergen, to recover on a promissory note as follows:

"Six months after date, for value received, we promise to pay to the
order of The Solomon National Bank, Solomon, Kansas, Three Thousand
Two Hundred Seventy-two and $no/100$ Dollars with interest at the
rate of 8 per cent. per annum from date at The Solomon National Bank
of Solomon, Kansas, Beloit, Kansas. Interest payable annually, and if
not paid annually, each installment thereof when due, shall be added to
and become part of the principal, and both shall thenceforth draw ten
per cent. interest, and it is agreed that all signers and endorsers of this
note either as principal or security, waive demand, protest, notice of pro-
test and nonpayment.          THE SALINA TRUST COMPANY,
          "W. B. MIDDLEKAUFF, L. A. MERGEN, *Treas.*"

Mergen's answer alleged that—

"The promissory note sued upon in this action was, and is the corporate note of the defendant, The Continental Trust Company, as the successor of the maker thereof, to wit: The Salina Trust Company, a corporation duly organized and existing under the laws of the state of Kansas. That at the time of the execution and delivery of said promissory note this answering defendant was the treasurer of such corporation, and plaintiff knew, at the time of the taking of said note by it, that this defendant was the treasurer of said corporation, and that this answering defendant had executed and delivered said note for and on behalf of said corporation, and as the obligation of said The Salina Trust Company, and that as such officer he was duly authorized to execute said note as the obligation of said The Salina Trust Company. That plaintiff accepted said note as the note of said corporation, The Salina Trust Company, and at the time of its acceptance knew and had knowledge of the fact that this answering defendant executed the same as and for the note and obligation of said corporation, and not as the personal obligation of this answering defendant. That plaintiff accepted said note and paid the consideration therefor with full knowledge and understanding of such facts and of other facts sufficient to put him upon notice that this defendant was merely executing said note upon behalf of said corporation, The Salina Trust Company, and that this answering defendant was, and is not identified or personally liable upon said promissory note as a joint maker or endorser thereof."

An examination of section 6547 of the General Statutes of 1915, section 27 of the negotiable-instruments law, is necessary. That section reads:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

The name of the corporation mentioned in the answer is signed to the note. It appears that L. A. Mergen signed as treasurer. One and probably the best construction of the signature is that L. A. Mergen signed as treasurer of the Salina Trust Company, although another construction may be that he signed individually and added the expression "Treas." as descriptive of himself. The statute says that Mergen is not liable if he was duly authorized to sign the note for the trust company and signed in the representative capacity. The answer alleges that he was so authorized and did so sign.

That the note is the note of the Salina Trust Company and

not the note of L. A. Mergen personally is supported by an extended discussion and citation of authorities in Brannan's Negotiable Instruments Law, 3d ed., pp. 69-78.

The section of the uniform negotiable-instruments law now under consideration has been construed and applied in a number of cases from other states, where the obligations of the signers to promissory notes were ambiguous, and where it was held that parol evidence is admissible to show the intention of the parties to a note.   (*Belmont Dairy Co. v. Thrasher,* 124 Md. 320; *Phelps v. Weber,* 84 N. J. L. 630; *Megowan v. Peterson,* 173 N. Y. 1; *Germania Nat. Bank v. Mariner,* 129 Wis. 544; *American Trust Co. v. Canevin,* 184 Fed. 657.)

In *Phelps v. Weber,* supra, it was held that this section of the negotiable-instruments law "does not alter the common-law rule" concerning the admissibility of parol evidence to explain ambiguous signatures on a promissory note.

In *Grocer Co. v. Lackman,* 75 Kan. 34, 88 Pac. 527, this court said:

"It has been held in this state that where it is uncertain from the face of the note whether it was intended to be the note of the corporation or of the individual signing, or both, if the litigation arises between the original parties evidence may be introduced to explain the ambiguity." (p. 35.   See, also, *Kline v. Bank of Tescott,* 50 Kan. 91, 31 Pac. 688; *Benham v Smith,* 53 Kan. 495, 36 Pac. 997.)

In *Grocer Co. v. Lackman* it was further said:

"Upon the question whether a note signed as above is the obligation of the corporation or of the individual signers the cases are so conflicting that it would be useless to attempt to reconcile them."   (p. 36.)

If there is any ambiguity in the signature of defendant Mergen that ambiguity can be explained by oral evidence under the authorities cited.   His answer undertakes to and does explain whatever ambiguity there may be in his signature.

The defendant cites *Lonnon v. Batchman,* 103 Kan. 266, 173 Pac. 415, where a note which did not disclose any principal was signed by five persons, whose names were followed by the words in a brace, "Members Board of Directors Sunflower Lead & Zinc Co."; and it was held that it was error to receive evidence to show that the intention was to sign the note for the corporation and not for themselves as individuals.   The decision in that case was based on section 6590 of the General Statutes of 1915, which reads:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

It was there stated that—

"In the present case we have merely the note itself, and it is not signed by the president and secretary of the corporation, nor in the way in which notes are usually executed by corporations. On the contrary, it is signed by a number of individuals who describe themselves as members of the board of directors of a certain corporation. They do not sign as the board, nor even as constituting all the members of the board which might have consisted of more members than those who signed the note. The words 'Members Board of Directors Sunflower Lead & Zinc Co.,' amount to nothing more than a description of the individuals who executed the instrument." (p. 268.)

There is an apparent contradiction between *Lonnon v. Batchman* and the prior decisions of this court, but the contradiction is apparent only, not real. In the Batchman case the Sunflower Lead & Zinc Company does not appear to be liable, and it does not appear that any attempt was made to render it liable or to sign the name of the corporation to the note. In the present case the name of the corporation is signed to the note and that of defendant Mergen appears as treasurer. That takes this action out of the rule declared in *Lonnon v. Batchman*, 103 Kan. 266, 173 Pac. 415, and puts it under the rule declared in *Grocer Co. v. Lackman*, 75 Kan. 34, 88 Pac. 527, and the other decisions of this court that support that rule.

The defendant, Mergen, can plead and prove that he is not individually liable on the note and that the note is the obligation of the Salina Trust Company. This court is compelled to say that the answer to the plaintiff's petition stated a defense, and that the plaintiff's demurrer to the answer was properly overruled.

The judgment is affirmed.