B. F. HICKS v. LEWIS NELSON *et al.*

The cases of *English v. Williamson,* 34 Kas. 212, and *Cable v. Coates,* 36
id. 191, referred to and commented upon.

*Motion for Rehearing.*

THE opinion, filed January 10, 1891, sufficiently states the
case.

*Malcolm Nicolson,* for the motion.

*Geo. G. Cornell,* contra.

*Per Curiam:* It was urged in support of a rehearing of
this case that the former opinion was in conflict with *Cable v.
Coates,* 36 Kas. 191. *Cable v. Coates* followed *English v. Will-
iamson,* 34 Kas. 212. The opinion, however, in the former
case failed to state, as it should have done, that September 4,
1881, was Sunday. In the case of *English v. Williamson,* it
was said that —

"Under the statute above quoted, (Civil Code, § 722,) when
the last day comes on Sunday, that day, as well as the first,
shall be excluded, and we suppose our tax laws, as well as all
other statutes, were enacted with reference to this rule, and
therefore that the rule should govern. Besides, we would also
think that such rule should govern upon general principles.
If Sunday in such a case is not excluded, the owner of the
property would not have the full three years given to him by
statute within which to redeem his property from the taxes,

while the statutes in express terms give him that time and more than that time."

As September 4, 1881, was Sunday, the owner of the land in the *Cable v. Coates* case had all of September 5, 1881, in which to redeem, but the tax deed was issued in that case at 2 o'clock P. M. of September 5, 1881, and therefore was prematurely issued.

With this explanation, the *Cable v. Coates* case is in line with the *English v. Williamson* case, and the opinion handed down follows both of those cases.

The motion for a rehearing will be overruled.