CHARLES LYONS v. REBECCA OSBORN.

1. LEASE—*Stipulation—Renewal.* Where a written lease of real estate for one year contains the following stipulation: "And the said party of the second part [the lessee] has the privilege of continuing this lease, provided he fulfills the contract, at the same rent," *held,* that the lessee has the privilege of having the lease renewed for another year.

2. ———— *Waiver of Forfeiture.* And in such a case, where the lessee paid the rent in installments, paying the last portion thereof between one and two months after it became due, but paying the whole of it for the first year more than two months prior to the expiration of the first year, and it was received by the lessor as thus paid without objection, *held,* that the failure to pay the whole of it when it became due did not deprive the lessee of his right to elect to retain the property under the lease for another year.

3. APPEAL—*Motion for New Trial.* Where the district court, on a petition in error from a justice of the peace, reverses the judgment of the justice, it is not necessary for the aggrieved party to file a motion for a new trial in order to have the decision of the district court reviewed in the supreme court on petition in error.

*Error from Atchison District Court.*

THE opinion states the case.

*Smith & Solomon,* for plaintiff in error.

*J. T. Allensworth,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of forcible detainer brought on March 12, 1888, before a justice of the peace of Atchison county by Rebecca Osborn against Charles Lyons, to recover certain real estate situated in said county. A trial was had before the justice and a jury, and judgment was rendered in favor of the defendant and against the plaintiff, and the plaintiff, as plaintiff in error, took the case to the district court on petition in error, where the judgment of the justice of the peace was reversed; and afterward the defendant, as plaintiff in error, brought the case for review to this court on petition in error.

The facts of the case, briefly stated, are substantially as follows: On September 8, 1886, Rebecca Osborn, who owned the property in controversy, leased the same by a written lease to Charles Lyons for a term commencing on March 1, 1887, for which Lyons was to pay the sum of $325 on November 1, 1887; and the lease also contained the following stipulation: "And the said party of the second part [Lyons] has the privilege of continuing this lease, provided he fulfills the contract, at the same rent." Lyons took possession of the property under the lease about March 1, 1887, and continued in the quiet and peaceable possession thereof until this suit was commenced. He paid the aforesaid rent in installments, paying the last thereof about December 19, 1887; and all was received without objection. It was always understood by the parties that Lyons was to have the possession of the property for at least one year under the lease commencing on March 1, 1887, although the lease does not in terms state how long he should have it; and in the latter part of August, 1887, it was orally agreed and understood between the parties that Lyons should have the property for one more year, commencing on March 1, 1888, and ending on March 1, 1889. The justice of the peace gave to the jury the following among other instructions:

"2. The defendant would be entitled to a continuance of

said lease for another year, provided he has substantially filled all the terms thereof for the first year, provided no new contract has been made, verbally or otherwise, to the contrary.

"The burden of evidence is on the plaintiff to make out her case, by a preponderance of the testimony."

"5. The continuing claim in said lease would be void, and you will so consider it, unless there was an understanding between the parties that it was a definite term of one or two years or more.

"If from the evidence you find there was such an understanding between the parties, then it is not void."

The plaintiff below, Mrs. Osborn, who is now the defendant in error, complained in the district court, and now complains in this court, of the foregoing instructions, and also of the judgment rendered by the justice of the peace; but we do not think that any substantial error was committed by the justice of the peace. It was originally understood between the parties that Lyons was to have the property for at least one year, with the right on his part to have if he chose a renewal of the lease for a second year. It was also agreed between the parties in August, 1887, that he was to have the property for another year. But he had a right independent of this agreement, under the above-quoted stipulation in the written lease, to elect to retain the property for a second year if he chose; and by remaining upon the property and in the possession thereof after the first year had expired, he presumptively, as nothing was shown to the contrary, elected to retain the property for another year, as in fact he did. In support of the views herein expressed, see 12 Am. & Eng. Encyc. of Law, 1006 to 1009, and cases there cited; *Kolasky v. Michels*, (decided by the New York court of appeals, April 15, 1890,) 24 N. E. Rep. 278.

It is further claimed by the present defendant in error, that as Lyons did not pay the whole of the rent at the time it became due, which was on November 1, 1887, but paid a portion thereof as late as December 19, 1887, he was not entitled to a renewal of the lease. But he paid the whole of the rent for the first year within less than two months after it became

due, and more than two months prior to the expiration of the first year of his lease, and it was all received by Mrs. Osborn as thus paid without the slightest objection. We do not think, under the circumstances, that this failure on the part of Lyons to pay the whole of the rent when it became due deprived him of his right to elect to retain the property under the lease for another year.

It is also claimed by the present defendant in error that the present plaintiff in error, who was the defendant in error in the district court and the defendant in the justice's court, is without remedy in this court, for the reason that he did not file a motion for a new trial in the district court after that court, on petition in error, reversed the decision of the justice of the peace. Such a motion was wholly unnecessary.

The judgment of the district court will be reversed, and the judgment of the justice of the peace will be affirmed. Judgment of the district court reversed.

All the Justices concurring.