W. H. SHAFFER *et al.* v. H. HOHENSCHILD.
No. 64.

1. PRACTICE, DISTRICT COURT — *Motion for New Trial Unnecessary.* When the district court, on a petition in error from a justice of the peace, reverses the judgment of the justice, it is not necessary for the aggrieved party to file a motion for a new trial in order to have the decision of the district court reviewed on petition in error. (*Lyons v. Osborn*, 45 Kan. 650.)

2. JURISDICTION — *Courts of Appeals.* The act creating the courts of appeals confers jurisdiction upon them "as now allowed by law in all proceedings in error taken from orders and decisions of the district court," and when the error is apparent by an examination of the pleadings and judgment, such error will be reviewed by this court.

3. PROMISSORY NOTE — *Obligation of Corporation — Extrinsic Evidence.* Where a note is executed by a corporation and is signed by the board of trustees, extrinsic evidence is admissible between the original parties to show that such trustees executed the instrument in their official capacity as officers of the corporation, and that they signed for the corporation, and that it was the intention of all the parties to the note to make it the obligation of such corporation.

MEMORANDUM.— Error from Saline district court; R. F. THOMPSON, judge. Action on a promissory note by H. Hohenschild against W. H. Shaffer and others. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows :

The defendant in error, H. Hohenschild, as the owner and holder, brought suit before a justice of the peace of Saline county upon the following promissory note :

"$375.             SALINA, KAN., June 25, 1888.

"Six months after date, for value received, we promise to pay to the order of Abbott & Hohenschild three hundred and seventy-five dollars, at the First National Bank of Salina, Kan., with 8 per cent. interest until paid.

       W. H. SHAFFER,    *Trustees of Cydon*
       WM. HOGBEN,      *Lodge No. 5, K. P.,*
       A. W. KRAUSE,    *Salina, Kan."*

Indorsed : "Paid on the within note two hundred ( $200) dollars, December 27, 1888. ABBOTT & HOHENSCHILD."

At the trial, the defense was that the note sued upon was not the personal note of the defendants, but was the note of Cydon Lodge No. 5, of Salina, Kan., a corporation ; that the defendants signed the note only in their official capacity as trustees of said lodge ; that the plaintiff, who was one of the payees of the note, as well as all of the defendants, understood at the time the note was executed that it was intended to be the note of the corporation, and not the personal note of the defendants, and introduced testimony showing that defendants were the trustees of Cydon Lodge No. 5, Knights of Pythias, Salina, Kan., a corporation, at the time said note was executed, and that they signed it only as trustees for the corporation ; that the note was given for a balance due Abbott & Hohenschild, architects, for their services as such in making plans, etc., for the Knights of Pythias building erected in

Salina; that the note was given pursuant to a settlement made between Abbott & Hohenschild and said Cydon Lodge, and that, at a meeting at which Abbott was present as a member of said lodge, defendants, as trustees of said lodge, were directed to give the note; that the $200 paid on said note was paid by defendant Hogben, as treasurer, out of the lodge funds; that the defendants had no personal interest in the payment of said note, and that such facts were well known to plaintiff; that at the time said note was executed and delivered plaintiff was present, and wrote the note, including the words, "Trustees of Cydon Lodge No. 5, K. P., Salina, Kan.," affixed to their signatures, and that, until the commencement of this suit, demands for payment of said note were made by plaintiff on said lodge, and that it was the understanding of the defendants, as well as the payees of said note, that it was the note of the corporation, and not the personal note of the defendants. This testimony was introduced over the objection of the plaintiff, and judgment rendered by the justice of the peace against plaintiff for costs. Plaintiff thereupon filed his petition in error in the district court to review the proceedings and judgment of the justice of the peace. Upon the hearing thereof, the judgment of the justice of the peace was reversed and set aside, and cause held for hearing in the district court. It was admitted that there was no other defense to the note sued upon in this action except such as was made before the justice of the peace, and judgment was rendered in favor of the said Hohenschild and against the defendants, Shaffer, Hogben, and Krause, for the sum of $233.10, with interest and costs of suit. Defendants bring the case here for review upon petition in error and transcript.

*Wilson & Wilson,* for plaintiffs in error.

*Bond & Osborn,* and *Thos. M. Jones,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. : The errors assigned in this action are : "(1) The court erred in sustaining the petition in error of said H. Hohenschild, plaintiff in error, in said court; (2) the court erred in rendering judgment for said Hohenschild, plaintiff in error, in said court; (3) the court erred in not rendering judgment for the said W. H. Shaffer, Wm. Hogben, and A. W. Krause, defendants in error, in said court." Defendant in error contends that the errors complained of in this action are not reviewable in this court. We cannot agree with counsel on this proposition. When an error is apparent by an examination of the pleadings and judgment, such an error can be reviewed in this court. (*Stapleton v. Orr,* 43 Kan. 170.) Where the district court, on a petition in error from a justice of the peace, reverses the judgment of the justice, it is not necessary for the aggrieved party to file a motion for a new trial in order to have the decision of the district court reviewed on petition in error. (*Lyons v. Osborn,* 45 Kan. 650.) If the record shows the final judgment to be erroneous, it is reviewable in an appellate court without exception. (*Koehler v. Ball,* 2 Kan. 160 ; *Wilson v. Fuller,* 9 id. 176.) We think this case is properly here for review.

Did the trial court err in sustaining the petition in error, and in rendering judgment for Hohenschild, plaintiff in error? This we must answer in the affirmative. The only question presented to the district court upon the petition in error was, Did the justice

of the peace err in admitting testimony? The testimony admitted by the justice of the peace over the objection of plaintiff in that court shows that this note was given to Abbott & Hohenschild for a balance due them for their services as architects for making plans, etc., for the Knights of Pythias building, the property of Cydon Lodge No. 5, K. P., Salina, Kan ; that it was not a personal note of the signers, but was the note of the said lodge ; that they signed it in their official capacity as trustees of said lodge ; that this was known to the payee Abbott, and that it was intended and understood at the time it was made to be the note of the lodge ; that said Abbott was present as a member of said lodge at the meeting when the defendants, as trustees, were directed to make this note ; that said Abbott wrote the note, including the words 'Trustees of Cydon Lodge No. 5, K. P. Salina, Kan.,'' and was present when it was executed and delivered.

In *Kline v. Bank of Tescott*, 50 Kan. 91, where the parties wrote their names on the back of the note as '' Board of Directors,'' Chief Justice HORTON, in delivering the opinion of the court, said :

'' If the parties who wrote their names upon the back of the note as directors had signed their names upon the face thereof, they could have shown by extrinsic 'evidence that they were acting for the corporation only.''

If it is not clear from the face of the note whether the signers contracted on behalf of the association, or for themselves, then, as between the original parties, extrinsic evidence may be introduced to show that in fact it was the intention of all the parties, at the time of the execution of the note and its acceptance, to bind the association only, and not to make the

signers liable personally. (*Benham v. Smith*, 53 Kan. 495.)

."Considerable diversity of decision, it must be admitted, is found in the reported cases where the record presents the case of a blank indorsement by a third party, made before the instrument is indorsed by the payee, and before it is delivered to take effect, the question being whether the party is to be deemed an original promisor, guarantor, or indorser. Irreconcilable conflict exists in that regard; but there is one principle upon the subject almost universally admitted by them all, and that is, that the interpretation of the contract ought in every case to be such as will carry into effect the intention of the parties, and in most cases it is admitted that proof of the facts and circumstances which took place at the time of the transaction are admissible to aid in the interpretation of the language employed." (*Good v. Martin*, 95 U. S. 90.)

We think the parties who signed this note as trustees had the right at the trial to introduce this testimony, and that it was properly admitted.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

CLARK, J., concurring.

GARVER, J., not sitting, having been of counsel in court below.