W. F. DOORLEY v. BUFORD & GEORGE MANUFACTURING COMPANY.

1. PROCEEDING IN ERROR—*Time for Filing.* A proceeding in error in this court, to reverse a judgment of the district court, must be filed within one year after the rendition of the judgment, or the making of the final order complained of, unless the person bringing the proceeding is an infant, a person of unsound mind, or one who is imprisoned.

2. MOTION FOR NEW TRIAL—*Time Not Extended.* The time for instituting a proceeding in error in the supreme court, to review a judgment of the district court, is not extended by the filing of a motion for a new trial, where the action complained of, and embraced in such motion, was in rendering judgment on a motion for judgment on the pleadings.

*Error from the District Court of Kingfisher County.*

Action in replevin. Judgment for plaintiffs, from which defendant appeals. Appeal dismissed.

*W. A. McCartney, W. W. Bixby* and *D. K. Cunningham,* for plaintiff in error.

*L. M. Lane*, for defendants in error.

The opinion of the court was delivered by

BIERER, J.:  The judgment in this case from which the appeal is taken was rendered in the district court on the 7th day of November, 1895.  On the 11th day of November, 1895, the 10th day of November being Sunday, defendant filed a motion for a new trial, which was, on the 16th day of November, overruled, and exception taken.  The appeal was filed in this court on the 16th day of November, 1896.

The only action of the court which is challenged by the motion for a new trial is in sustaining plaintiffs' motion for judgment on the pleadings, and giving judgment thereon, and the question which arises at the threshold of the consideration of the question sought to be presented by this appeal is:  Was the appeal filed in time?  Section 4452 of the statutes provides:

"No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of, or in case the person entitled to such proceeding be an infant, a person of unsound mind, or imprisoned within one year as aforesaid, exclusive of the time of such disability."

Under this section the proceeding in error must, except in the excepted cases be brought within one year from the entry of the judgment, or the making of the order complained of.  ( *Winfield v. Brinkman*, [Kan.], 2 Pac. 113; *Byington v. Quinton*, [Kan.], 25 Pac. 565).

The appeal was filed within one year from the time the motion for a new trial was overruled, but not within one year from the time the judgment appealed from was rendered, and in cases where appeals have been so

taken in Kansas it has been held that the action and rulings of the court involved in the determination of the motion for a new trial are presented to the supreme court in time. (*Osborne v. Young*, 28 Kan. 769; *Thompson v. Wheeler & Wilson M'f'g. Co.*, 29 Kan. 476).

In the case of *Dyal v. City of Topeka*, [Kan.], 10 Pac. 161, it was held by the supreme court of Kansas that the power of that court to review any judgment or order of the district court not appealed from within one year after the entry thereof, and where the proceeding was instituted in the supreme court within one year from the decision on the motion for a new trial, was confined to the consideration of such orders, rulings or judgments "as may be necessarily involved in the ruling upon the motion for the new trial."

In the case of *Bates v. Lyman*, [Kan.], 12 Pac. 33, the same court states in the syllabus of the opinion that:

"Where a petition in error is filed in the supreme court within one year after the making of an order over-ruling a motion for a new trial, the proceeding is in time for a review of all the rulings of the court made during the trial, and excepted to at the time, which are referred to in such motion."

It is not contemplated by the code that rulings made by the court upon motions or demurrers preceding the trial should be again brought to the attention of the court by a motion for a new trial, and none of the grounds of such motion embrace any such questions, and it cannot therefore be said that the questions which were passed upon on the motion for judgment on the pleadings was necessarily involved in the motion for a new trial.

A motion for a new trial is not for the purpose of presenting to the court again questions which are saved

without such a motion, and which constitute no part of such motion under the code. A motion for a new trial is not necessary in order that such a question as that presented here may be reviewed in the supreme court, and if it is not, then manifestly a party cannot have his time for presenting such a question for review in the supreme court extended by filing an entirely useless motion. Such a practice would place it in the power of parties to evade and defeat the object of the statute in requiring that these proceedings in error should be speedily instituted; and litigants cannot be permitted to extend this very liberal statutory limitation by the presentation of entirely useless applications to the trial court.

The conclusion which we have reached is supported by other decisions of the supreme court of Kansas. In the case of *Sanford v. Weeks*, [Kan.], 31, Pac. 1088, it was sought to have the supreme court of that state review the action of the trial court on a former petition for a new trial, and from the denial of which the party failed to take an appeal within one year. Subsequently a petition for the same purpose was filed and denied, and an appeal taken from the action on this application within the year allowed by law. The supreme court in that case held that it was without jurisdiction to review the action of the court on the first application, because one year had expired before the appeal was taken.

In the case of *Blackwood v. Shaffer*, [Kan.], 24 Pac. 423, a demurrer was sustained to the third paragraph of defendant's answer, and afterward the case was tried upon the issues presented by the petition and the two other paragraphs of the answer, and within less than one year after the rendition of the judgment, but not within one year after the action of the court in sustaining the

demurrer to the third paragraph of the answer, proceding in error was brought in the supreme court, and it was held that the supreme court, in such a case, had no power to review the action of the trial court in sustaining the demurrer. In the opinion of the case it is stated:

"When a case is brought to the supreme court for the purpose of having any judgment or order of the court below reviewed, everything necessarily involved in such judgment or order is reviewable in the supreme court; but the order of the court below in this case, sustaining the demurrer to the third paragraph of the defendant's answer, is not involved in any other order, or in any judgment of the conrt below, and hence it is not reviewable upon this principle."

There is no escape from the conclusion that the action of the trial court which is complained of in this appeal was not properly brought to this court within one year after it was had. The appeal is, therefore, dismissed.

Mc Atee, J., having presided in the court below, not sitting; all the other Justices concurring    .