STONEMAN-ZEARING LUMBER COMPANY *v.* McCOMB.

Opinion delivered November 15, 1909.

1. PLEADING—INDEFINITENESS—REMEDY.—In an action of trespass for cutting and removing timber on several tracts of land, the complaint is not demurrable because it fails to state the kind, quality and value of the timber cut from each tract, the proper method of raising such objection being a motion to make the complaint more specific. (Page 297.)

2. SAME—DEMURRER—WAIVER BY PLEADING OVER.—If it was error to overrule a demurrer to a complaint in trespass which raised the objection that the complaint was not sufficiently definite, such error was waived by the defendant pleading over. (Page 298.)

3. TRESPASS—CUTTING TIMBER—BURDEN OF PROOF.—In an action for cutting and removing timber from plaintiff's land, the burden is on plaintiff to prove the quantity and value of the timber cut by defendant. (Page 298.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

*J. H. Harrod* and *J. G. & C. B. Thweatt,* for appellant.

*S. Brundidge, Jr.,* and *Cypert & Cypert,* for appellee.

McCULLOCH, C. J.  This is an action instituted by appellee in the circuit court of White County against appellant to recover from the latter damages for cutting and removing timber from three tracts of lands, aggregating 160 acres. The complaint alleged that the trespass was wilfully committed, and prayed for three-fold damages. The jury found in favor of appellee, but awarded only single damages.

Appellant demurred to the complaint because the kind, quantity and value of the timber cut on each separate tract was not stated therein. The demurrer was not well taken, and the court properly overruled it. It was not essential to a statement of the cause of action to set forth the description and value of the timber cut on each tract of land. If appellant deemed it necessary, in order to prepare its defense, that these matters should be set out in the complaint, the particular reasons should

have been set forth in a motion to make the complaint more definite and certain. Moreover, appellant waived the error of the court in overruling the demurrer, if it had been error, by pleading over.

There is no question raised as to appellee's title to the land on which the timber is alleged to have been cut. The points at issue are whether the appellant or its agents cut the timber, and, if so, the quantity and value thereof.

It is insisted that the evidence is not sufficient to sustain the verdict. We are unable to discover in the record any evidence legally sufficient to sustain the verdict. Appellant owned adjoining lands, and its men were cutting timber there. There is enough evidence to justify a conclusion that appellant's men got over the line and cut some of appellee's timber. But there is no way even to approximate the amount so cut. There is no direct evidence that any of it was cut at all by appellant's men, and it is only inferentially that this much may be gleaned from the testimony. Appellee relied, in order to make out his case, on the testimony of a surveyor who went on the land after the timber had been cut and made an estimate of the amount of timber which he said appeared to have been cut within two or three years prior to that date. There is no evidence in the record to show how long appellant had been cutting timber in that locality, or whether any one else had been cutting there. It was purely a matter of conjecture, without evidence on which to base it, that appellant had cut all of the timber on the lands which had been cut within two or three years. The burden of proof was on appellee, before he could recover, to show by a preponderance of the testimony that the appellant had cut the timber. Before he can recover anything, he must prove the quantity and value of the timber cut by appellant, if any. Bare proof that some of the timber was cut by appellant's men is not sufficient to charge it with responsibility for all the timber missing from the land during an indefinite period of two or three years.

Appellant sold some of the timber on this land, the persimmon and ash, to other concerns, and the latter cut that timber. In doing so it appears from the evidence that the men employed to cut the timber got over the line onto appellee's land

and cut timber of that kind. It does not appear that appellant was responsible for its vendee mistaking the boundary lines. There is some evidence to the effect that appellant's foreman, or timber boss, directed the men where to cut the timber. But, according to the uncontradicted testimony, this man had no authority, either express or implied, to direct the appellant's vendee or the latter's employees where to cut. The responsibility was on these vendees for getting beyond the line and cutting appellee's timber.

There is no evidence at all upon which any amount of appellant's liability can be fixed. Therefore, the judgment must be reversed, and the cause remanded for new trial, and it is so ordered.