## REED *et al.* v. WOOLLY.

No. 3272.   Opinion Filed May 14, 1912.

(123 Pac. 1121.)

**APPEAL AND ERROR**—Proceedings to Transfer Cause—Time for Taking Proceedings. Where the court below overruled a demurrer to the petition, and, the defendants declining to plead, judgment was rendered against them, the time to perfect an appeal from such judgment commences to run from the rendition thereof, and not from the time the motion for a new trial was overruled.

(Syllabus by the Court.)

*Error from Pontotoc County Court;*
*Joel Terrell, Judge.*

Action by J. A. Woolly against W. J. Reed and another. Judgment for plaintiff, and defendants bring error.   Dismissed.

*King & Maxey*, for plaintiffs in error.

*J. F. McKeel,* for defendant in error.

KANE, J.   This cause comes on to be heard upon the motion to dismiss the appeal, filed by the defendant in error.   It seems that the court below overruled a demurrer to the plaintiff's petition, and, the defendants declining to plead further, judgment was rendered against them.   This judgment was rendered on the 18th day of August, 1910; thereafter, on the 19th day of August, 1910, defendants filed their motion for a new trial,

which was overruled on the 12th day of November, 1910. On the 6th day of November, 1911, defendants below, plaintiffs in error, began this proceeding in error by filing in this court a petition in error, to which they attached a transcript of the record, for the purpose of reviewing the order of the court overruling the demurrer to the petition. Defendant in error contends that the appeal was not taken within the time prescribed by law. We think his contention is well taken.

"A motion for a new trial is not necessary, however, in order to review a decision that determines an issue of law, since a new trial is an examination of an issue of fact. Consequently, where error appears upon a final judgment rendered upon the pleadings, there being no trial of any issue of fact, such error can be reviewed without a motion for a new trial." (Burdick on New Trials and Appeals, p. 65.)

It has been held that "a motion for a new trial is unnecessary to enable this court to review the action of a trial court in rendering judgment upon the pleadings." *Manes v. Hoss,* 28 Okla. 489, 114 Pac. 698. And in the same case it was held that, "where the judgment appealed from is rendered upon the pleadings, the time from which to perfect the appeal commences with the rendition of the judgment, and not from the order of the court overruling a motion for new trial."

We think the same rule applies where the judgment appealed from is rendered upon a demurrer to plaintiff's petition. In such case, a motion for a new trial is unnecessary; and filing one will not extend the time for appealing prescribed by the statute. The only assignment of error presented to this court is that the court below erred in overruling the demurrer to plaintiff's petition. The time from which to perfect the appeal commenced with the rendition of judgment, and not from the order of the court overruling the unnecessary motion for a new trial. The appeal is dismissed.

All the Justices concur.