## BOULANGER v. MIDLAND VALLEY MERCANTILE CO.

No. 2134.    Opinion Filed November 19, 1912.

(128 Pac. 113.)

1.    **APPEAL AND ERROR**—Time of Serving Case-Made—Extension. The time for instituting proceedings in error in the Supreme Court to review the judgment of a trial court is not extended by the filing of a motion for new trial, where the action complained of, and embraced in such motion, was in rendering judgment on a motion for judgment on the pleadings.

2.    **SAME** — Settling Case-Made — Effect of Motion for New Trial. Where a motion for a new trial is unauthorized and unnecessary for the review of the matters complained of by plaintiff in error, an order of the trial court, made after three days from the time the order sought to be reviewed is entered, but within three days after the motion for a new trial, filed in time, had been overruled, is invalid to extend the time for settling the case-made.

(Syllabus by Robertson, C.)

*Error from District Court, Osage County;*
*John J. Shea, Judge.*

Action by the Midland Valley Mercantile Company against Joseph Boulanger. Judgment for plaintiff, and defendant brings error. Dismissed.

*H. P. White* and *Joseph B. Mitchell,* for plaintiff in error.

*H. C. Hargis* and *Boone, Leahy & McDonald,* for defendant in error.

Opinion by ROBERTSON, C. The judgment in this case was entered in the lower court on July 27, 1909, on a motion for judgment on the pleadings. The case-made was not served on the defendant in error until February 28, 1910. A motion for a new trial being unauthorized by law, the time for making and serving a case-made expired three days after the rendition of the judgment. Plaintiff in error did not ask for an extension of time in which to make and serve a case-made until December 2, 1909:

"The time for instituting a proceeding in error in the Supreme Court to review a judgment of the district court is not extended by the filing of a motion for new trial, where the action complained of, and embraced in such motion, was in rendering judgment on a motion for judgment on the pleadings." (*Doorley v. Burford & George Mfg. Co.,* 5·Okla. 594, 49 Pac. 936.)

See, also, *Reed v. Woolly,* 31 Okla. 783, 123 Pac. 1121.

It is not the purpose of the statute to require that rulings made by the trial court upon motion, demurrer, etc., involving questions of law only, should be again brought to the attention of the court after trial in a motion for a new trial; and a motion for a judgment on the pleadings, when sustained by the court, does not call for a motion for a new trial, in order that the action of the trial court may be reviewed here; and if such motion is not required then a party litigant cannot, by his own act, extend the time for taking an appeal, or for any other purpose, by filing an entirely useless motion, such as a motion for a new trial would be in this case. As was said in the case last above cited:

"Such a practice would place it in the power of parties to evade and defeat the object of the statute, in requiring that these

proceedings in error should be speedily instituted; and litigants cannot be permitted to extend this very liberal statutory limitation by presentation of entirely useless applications to the trial court."

Hence the filing of a motion for a new trial, being unauthorized by statute, did not operate to extend the time for serving the case-made in this action. And the order of the trial court, as made on December 2, 1909, in attempting to do so, was a mere nullity, and made without authority of law, and did not serve to extend the time in which to make and serve the case-made. And "where a motion for a new trial is unnecessary for the review of the matters complained of by plaintiff in error, an order of the trial court, made after three days from the time the order sought to be reviewed is entered, but within three days after the motion for a new trial, filed in time, had been overruled, is invalid to extend the time for settling the case-made."

This case-made might be considered as a transcript, were it not for the fact that the judgment, having been entered on the 27th of July, 1909, and the case-made not being filed in this court until November 17, 1910, more than a year from the date of rendition of the judgment in the case in the court below, forbids consideration at our hands. Hence this court has no jurisdiction in the premises, and the appeal should be dismissed.

By the Court: It is so ordered.