LEE *et al.* v. SUMMERS *et al.*

No. 2148.   Opinion Filed November 19, 1912.

On Rehearing February 11, 1913.

(130 Pac. 268.)

1.   **APPEAL AND ERROR**—Time of Taking—Motions.   The filing of a useless and unauthorized motion in a case will not operate to prevent the running of the time in which an appeal must be perfected.

2.   **SAME**—Review—Assignment of Error.   Where appellant fails to assign in his petition in error the overruling of a motion for a new trial, no question that seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such cannot be reviewed.   Meyer v. James, 29 Okla. 7, 115 Pac. 1016.

(Syllabus by Robertson, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by R. C. Summers against A. J. Lee and Ralph Dresback.   Abe Morrison intervened.   Judgment for plaintiff, and defendants bring error.   On death of plaintiff pending appeal E. H. Summers and others were substituted for defendants in error.   Dismissed.

*Samuel E. Gidney* and *Merritt Eslick,* for plaintiffs in error.

*N. A. Gibson, H. C. Thurman,* and *T. L. Gibson,* for defendants in error.

Opinion by ROBERTSON, C.   Since the filing of this ap-

peal in this court the defendant in error has died, and the proper parties, by consent of court, have stipulated that the cause shall be revived in the name of E. Helen Summers, administratrix, and E. Helen Summers, Lloyd Summers, and Curtis Summers, sole heirs of R. C. Summers, deceased, as defendants in error.

This action in equity was begun in the United States Court for the Western District of the Indian Territory, sitting at Muskogee, on February 24, 1906, by R. C. Summers, against A. J. Lee and Ralph Dresback to recover title and possession of certain real estate then within the jurisdiction of said court. Later one Abe Morrison intervened and set up some claim of title to the land in controversy, and was made a party defendant. On the advent of statehood the case was, by operation of law, transferred to the district court of Muskogee county, where, on November 26, 1909, a judgment was entered in favor of plaintiff and against defendants. On November 27, 1909, defendants filed a motion demanding a new trial as a matter of right; also the usual motion for a new trial, setting up various statutory grounds; and also a motion to vacate the judgment for the reason that the trial court, under the provisions of the Enabling Act, was wholly without jurisdiction of the subject-matter of the controversy. These various motions were passed by the court until January 29, 1910, when they were each overruled and denied. The motion to vacate the judgment was heard on an agreed statement of facts.

Counsel for defendants in error object to the consideration of this appeal, for the reason that this court has no jurisdiction, and in support of this objection show that the suit being one in equity, under the law of Arkansas, in force at the time the action was commenced, no motion for a new trial was necessary, and hence the appeal in this case, not being completed in the time and manner required by the Oklahoma law governing appeals, must be dismissed. It will be remembered that the judgment having been entered on November 26, 1909, the case-made should have been served within three days from that date, or within the time allowed by proper order of the court for that purpose, in case a motion for a new trial was necessary. The case-made was not served within three days from

November 26, 1909, and no extension of time was asked for that purpose until January 29, 1910. It is difficult to understand the position of counsel for plaintiffs in error in this behalf. Evidently they thought a motion for a new trial was necessary, else they would have filed none, and yet, after filing it, they do not predicate error in the overruling of the same by the trial court, for the petition in error does not contain an assignment of error, direct or otherwise, based on the overruling of the motion for a new trial. No objection to the action and ruling of the trial court in overruling the motion for a new trial is to be found anywhere in the petition in error.

If, under the practice in force in the United States court in which this action was pending at the time of statehood, no motion for a new trial was necessary, then the filing of such motion in the case would not prevent the running of the time in which an appeal must be perfected. *Doorley v. Buford & George Mfg. Co.,* 5 Okla. 594, 49 Pac. 936; *Boulanger v. Midland Valley Merc. Co., ante,* 128 Pac. 113. And, if a motion for a new trial was necessary, then the alleged errors assigned for review have all been waived by the failure to assign as error the action of the court in overruling the motion for a new trial.

"Where appellant fails to assign in his petition in error as error the overruling of a motion for a new trial, no question that seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such cannot be reviewed." (*Meyer v. James,* 29 Okla. 7, 115 Pac. 1016.)

The record presents no questions for review, except those required to be presented by the motion for a new trial. Hence it necessarily follows that the purported case-made does not as such present any question for the consideration of this court. Neither can the case-made be considered as a transcript, inasmuch as it is not certified to by the clerk as required by law, no certificate of any such character appearing at any place in the record.

Therefore the appeal should be dismissed for the reason that this court has no jurisdiction in the premises.

By the Court: It is so ordered.

## ON REHEARING.

In this case it will be remembered that plaintiffs in error on November 27, 1909, filed, after judgment had been entered against them, first, a motion for a new trial, as a matter of right; second, the usual statutory motion for new trial; and third, a motion to vacate the judgment, for that the court had no jurisdiction over the subject-matter of the controversy. These various motions were not passed upon until January 29, 1910, when each was overruled by the court.

In the order of dismissal entered in this case on November 18, 1912, it was held that under the Arkansas practice in force in the Indian Territory at the time this action was commenced no motion for a new trial was necessary in equity cases, and that, therefore, the case-made should have been made and served within three days from the date of entry of the judgment or within the extension of time allowed by the court, and that the filing of an unnecessary motion would not stay the running of the time in which to prepare and file the appeal. Counsel for plaintiffs in error now insist that they did not appeal from the judgment entered on November 26, 1909, but from the order of the court entered January 29, 1910, denying the motion to vacate said judgment, and that no motion for a new trial was necessary to preserve the alleged errors of the court denying the motion to vacate, inasmuch as the evidence adduced at the hearing thereon was embodied in an agreed statement of fact.

Without withdrawing our former opinion, but in addition thereto, we hold that the district court of Muskogee county by virtue of the provisions of the Enabling Act, the Constitution, and the statutes had full and complete jurisdiction of the subject-matter of the controversy and the persons of the parties, and, inasmuch as the same result would be reached by the consideration of this phase of the case as was reached in our former opinion, we hold that no error was committed in overruling the motion to vacate, and therefore the petition for rehearing should be denied.

By the Court: It is so ordered.