(No. 1656, December 17, 1914.)

EUGENIO ROMERO, Plaintiff in Error, vs. WILLIAM McINTOSH, Defendant in Error.

### SYLLABUS BY THE COURT.

1. Under Section 1, Chapter 57, Laws of 1907, providing that any person aggrieved by any final judgment or decision of any district court in any civil cause, may, at his election, take an appeal or sue out a writ of error within one year from the date of the entry of the same, and where a motion for a new trial or rehearing is seasonably made, the time within which the appeal may be taken or the writ of error sued out, is to be computed from the date of the denial of the motion, and not from the date of the rendition or entry of the judgment or decree, where the motion was authorized by statutory provision and operated as a stay of execution, because until such motion was disposed of the judgment was not a final judgment within the meaning of the statute.

P. 617

2. In an action for trespass by cutting and removing timber from lands of the plaintiff, the proof that some of it was cut by defendant was insufficient to charge him with.

responsibility for all the timber missing from plaintiff's land during an indefinite period of two or three years.

P. 619

Error to District Court, Bernalillo County; Herbert F. Raynolds, Presiding Judge. Reversed and Remanded.

S. B. DAVIS, JR., CHARLES A. SPIESS, for Plaintiff in Error.

Motion to dismiss. 9 N. M. 46; 16 N. M. 191; 111 U. S. 488.

Court erred in not making and filing finding of facts upon evidence submitted prior to rendering judgment in said cause. 16 N. M. 71; Sec. 2999 C. L. 1897.

Court erred in sustaining demurrer of defendant. 90 N. W. 767; 129 Mass. 44; 205 U. S. 130; 2 Atl. Rep. 195; 78 N. E. Rep. 633.

Burden upon plaintiff. 98 Cyc. 1104; 116 Mass. 401; 103 N. Y. 28.

E. W. DOBSON, E. A. MANN, for Defendant in Error.

When did judgment become final? Sec. 1, Chap 57, L. 1907; 9 N. M. 46; 16 N. M. 191, 71; 11 U. S. 488; 15 N. M. 567; 7 Cal. 220; 28 Cal. 339, 416.

## STATEMENT OF FACTS.

In this cause defendant in error, William McIntosh, commenced an action against the plaintiff in error, Eugenio Romero, on account of alleged trespass committed by Eugenio Romero in unlawfully having cut timber from the lands of defendant in error, McIntosh. It appears from the record herein, that prior to the commencement of this action, the same defendant in error, William McIntosh, commenced and prosecuted to final determination an action against this same plaintiff in error, Eugenio Romero, and others, whereby he alleged that Eugenio Romero, and the others were unlawfully cutting timber from his lands and prayed that the said Eugenio

Romero and the other defendants in that action be per-
manently enjoined from the further cutting of timber
upon his lands and for other relief.

The plaintiff in error, Eugenio Romero, by his answer
to the complaint in this action plead the judgment ren-
dered in the first action between him and McIntosh as
being *res adjudicata* of the cause of action in this suit.

The defendant in error, McIntosh, demurred to this de-
fense and the court having sustained the demurrer, plain-
tiff in error herein duly filed his exceptions to the ruling
of the court sustaining the demurrer and filed an amend-
ed answer herein, and upon the issue thus joined this
cause was tried by the court without a jury—the jury
having been by both parties waived. The court rendered
judgment against the plaintiff in error herein for the sum
of Six Thousand Four Hundred and Ninety-two dollars,
with interest at the rate of six per cent per annum from
July 18, 1906, to the date of judgment.

### OPINION.

HANNA, J.—Several assignments of error are pre-
sented for consideration, but we must first consider a mo-
tion for the dismissal of the writ of error upon the ground
that the writ was not sued out within one year from the
date when the judgment in the lower court became final.

The court rendered its judgment on January 10th,
1912, and at the same time made an order granting plain-
tiff in error twenty days within which to file a motion for
new trial, which was filed fifteen days later, but not dis-
posed of until January 16th, 1913, almost a year later,
when it was overruled. This writ of error was sued out
of this court January 10th, 1914.

The question, therefore, presented is whether the judg-
ment became final upon the date of its entry, or not until
the order denying and overruling the motion for a new
trial was made and entered.

Our statute of limitation upon the right to an appeal
is Sec. 1, Chap. 57, Laws of 1907, viz:

"Any person aggrieved by any final judgment or deci-
sion of any district court in any civil cause may, at his

election take an appeal or sue out a writ of error to the supreme court of the territory at any time within one (1) year from the date of the entry of the same. Appeals or writs of error may also be taken from final judgments or decrees in actions for partition that determine the rights and interests of the respective parties and direct partition to be made."

In many jurisdictions where appellate courts have been called upon to pass upon general statutes, such as ours, providing that the appeal or proceedings in error shall be instituted within a certain time from the rendition or entry of the judgment or decree, it has been held that where the motion for a new trial or rehearing is seasonably made, the time is to be computed from the date of the denial of the motion, and not from the date of the rendition or entry of the judgment or decree, *where the motion was necessary to the consideration in the appellate court of the questions involved.* Thompson on Trials, Sec. 2730; 2 R. C. L. 107; Pearce vs. Strickler, 9 N. M. 46, 49 Pac. 727; Conrodt vs. Lepper, 13 Wyo. 99, 3 Am. & Eng. Ann. Cases 627 (see cases collected in note following last citation).

This rule may be said to have the sanction of the larger number of American appellate courts, though the rule is severely criticized as one growing out of judicial legislation and is not followed by all American jurisdictions. Those departing from this rule, and holding that the time is to be computed from the actual rendition or entry of judgment or decree without regard to the fact that a motion for new trial or rehearing is pending, as evidenced by, at least, a partial list of the cases so holding, are, California, Colorado, Michigan, Oregon, Ohio, Oklahoma and Texas. See Bonheimer vs. Baldwin, 42 Cal. 27; Brooks vs. San Francisco, etc., 110 Cal. 173, 42 Pac. 570; Henry vs. Merquire, 111 Cal. 1, 43 Pac. 387; Houser etc., vs. Hargrove, 129 Cal., 90, 61 Pac. 660; Puckhaber vs. Henry, 81 Pac. 1105, 147 Cal.424; Freas vs. Townsend, 1 Colo. 86; Slatterly vs. Robinson, 7 Colo, App. 22; Burchinell vs. Bennett, 10 Colo. App. 150; Hill vs. Hill, 114 Mich. 599, 72 N. W. 597; Selig vs. Ackron etc., 10

Ohio Cir. Dec. 535, 19 Ohio Cir. Ct. 633; Brown vs. Coal Co., 48 Ohio St. 542, 28 N. E. 669; Dowty vs. Pepple, 50 N. E., 923, 58 Ohio, St. 395; Cooper vs. Yoakum, 91 Tex. 391, 43 S. W. 871; Doorley vs. Buford, etc., 5 Okla. 594, 49 Pac. 936; Lee et al., vs. Summers, 130 Pac. 268; Manes vs. Hass, 28 Okla. 489, 114 Pac. 698; McCartney vs. Shipherd, 117 Pac. 814, 60 Ore., 133; Gearin et al., vs. Portland, etc., 124 Pac. 258; Hahn vs. Astoria National Bank, et al., 125 Pac. 284; Miller vs. Miller, 131 Pac. 308.

We understand the reason generally urged in support of the first rule, herein referred to, to be that the character of finality does not attach to the judgment or decree until the motion for a new trial has been disposed of. The chief objection to the rule is, and this has given rise to the second rule, that the statute of limitation usually provides that the proceedings looking to a review of the cause must be instituted within a fixed time after the rendition or entry of the judgment or decree, and to modify the terms of the statute by judicial opinion, without statutory authority for such ruling, to the effect that the time limited is extended until a motion for a new trial or rehearing is disposed of, cannot be other than judicial legislation.

We have observed that many of the decisions favoring the rule that the statute is tolled, by the motion for a new trial, are of jurisdictions where the period of limitation is short, as where it is ninety days or six months; although some cases are to be found where the period is longer. Other reasons for the rule exist dependent upon statutory or other peculiar conditions, some of which are pointed out in the opinion of an Oregon case. Gearin et al., vs. Portland Ry. L. & P. Co., 124 Pac. 256, as, for example, where a statute provided that if the motion assigns as a reason for the new trial an exception to the decision of the case, the decision shall be carried forward to the time of ruling upon such motion; where a motion for a new trial is made, by statute, a prerequisite step in the proceedings for review; or, where, by statute, the motion operates as a stay of execution.

It would be idle to give further consideration to the reasons supporting or opposed to either of the two rules referred to in this opinion, it being sufficient to say that the rule should be, and generally has been considered, dependent upon statutory provisions of the different jurisdictions.

We, therefore, turn to a consideration of our statutes affecting the question.

This being a case tried to the court without a jury, a motion for a new trial might be said to be unnecessary, (Sec. 24, Chap. 57, Laws 1907), and it is contended by defendant in error that while it was the privilege of plaintiff in error to file a motion for a new trial, it only had the effect of staying execution until it was disposed of and the judgment was notwithstanding a final one and the only one entered in the cause.

As we have seen, a motion for a new trial is, in fact, unnecessary in causes tried by the court without a jury, but it is also provided by Sec. 2891, C. L. 1897, that "motions for new trials    *    *    *    shall be entertained" without qualifications as to the class of cases or otherwise.    It, therefore, cannot be contended that the motion in this case was improper, and aside from the fact that it was received and considered without objection, it was in our opinion a permissable course of procedure. It, therefore, remains to consider the effect of the motion. By Sec. 135 of the code of civil procedure, it is provided that "judgment shall be entered and execution may be issued thereon unless a motion for a new trial is made," etc. In our opinion, the filing of such motion within the time stipulated deprives the judgment of its character of finality and brings it within the first rule referred to in this opinion. This rule has been followed by our Territorial supreme court in the case of Pearce vs. Strickler, 9 N. M. 48, and we see no reason for departing from this holding at this time. For which reason the motion to dismiss is denied.

Several other assignments of error are presented for consideration, but one is chiefly relied upon by plaintiff in error, and being decisive of the case, it is necessary

only to dispose of this, the third assignment, which, quoting from brief of plaintiff in error, is as follows:

"The court erred in rendering judgment against the said plaintiff in error in the sum of six thousand four hundred ninety two ($6,492.00) dollars, the evidence in said cause not warranting or sustaining a judgment in said cause in any sum in excess of two hundred eigthy-three ($283.00) dollars; it appearing from the record and transcript of the evidence herein that the defendant in error produced no evidence proving or tending to prove that plaintiff in error cut or procured to be cut any trees or timber whatsoever upon the lands of defendant in error and the only evidence in said cause which proves or tends to prove that plaintiff in error cut and procured to be cut timber on said lands is the evidence of the witness, Raymundo Romero, a witness who testified on behalf of plaintiff in error, and the evidence of said Raymundo Romero proves that the value of the timber so cut by said plaintiff in error was of the value of only two hundred eighty-three ($283.00) dollars."

We do not deem it necessary to discuss much of the testimony introduced in the case. The essential point in controversy is whether it was proven that plaintiff in error cut the timber in question, and to the extent of the amount awarded as damages by the judgment.

By defendant in error it is urged that the answer of plaintiff in error, in a former proceeding, wherein the title to the same lands was involved and an injunction sought against the present plaintiff in error and others to restrain trespass thereupon, supplies the alleged lack of evidence in this respect, and being an admission against interest, is conclusive upon plaintiff in error. The essential allegations of this answer in the respect referred to, are:

"And further answering, these defendants deny that the said firm of Dye & Romero, have been engaged in cutting and is engaged in cutting, any timber upon the lands described in said complaint, or any part of the same, but defendants allege Eugenio Romero is engaged, with authority of the said commissioners of the said Grant of Chilili, in cutting ties upon parts of

the tracts of land described in said complaint, but which said parts of said tracts these defendants deny that the said plaintiff has any right or title thereto, or ever had any such right or title."

Defendant in error contends that by this answer plaintiff in error "admitted that he and he only cut timber from appellee's land." We do not consider that this is a correct interpretation of the pleading. He denied that Dye & Romero had been so engaged and affirmed that he, himself, had been cutting timber, but the language is not susceptible of the construction that none others had been cutting. The evidence of one of the witnesses is that a large force of men under employment by a firm known as Laub & Romero had been cutting over the tract of land in question during the winter of 1904, and within the period of time fixed by Ross as the time within which the timber had been cut, which was included within his estimates made in June, 1906. This testimony would certainly cloud the issue of whether Romero cut all the timber in question, and there being no proof that he did so, we consider the assignment well taken.

This case has much in common with the case of Stoneman-Zearing Lumber Co. vs. McComb, 122 S. W. 648, and, as in that case, it seems to us to be largely a matter of conjecture, without evidence on which to base it, that plaintiff in error had cut all of the timber on the lands of Mr. McIntosh, which had been cut within two or three years. The burden of proof was on the defendant in error, before he could recover, to show that plaintiff in error had cut the timber. Before he can recover anything, he must prove the quantity of the timber cut, by plaintiff in error, and bare proof that some of the timber was cut by plaintiff in error is not sufficient evidence to charge him with responsibility for all the timber missing from the land during an indefinite period of two or three years.

Therefore, the judgment is reversed, and a new trial granted, and, IT IS SO ORDERED.