## BURTON v. DE BOLT.

No. 4635.    Opinion Filed June 22, 1915.

(149 Pac. 1079.)

1.    **APPEAL AND ERROR—Presentation Below—Motion for New Trial—Necessity.** A motion for new trial is not necessary to enable this court to review the action of the trial court in sustaining a motion to dismiss an appeal from a justice court.

2.    **SAME—Time for Appeal—Dismissal of Intermediate Appeal.** Where the order appealed from is made upon a motion to dismiss an appeal from a justice court, the time within which to perfect the appeal commences at the time of the entering of the final order, and not at the time of the order of the court overruling the motion for a new trial.

3.    **SAME—Jurisdiction—Time for Appeal.** Where the petition in error is filed in this court after the statute of limitations has run against an appeal this court has no jurisdiction of the case.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by A. M. De Bolt against Verden C. Warren and J. M. Burton, partners as Burton & Warren. Judgment for plaintiff, and defendants bring error. Affirmed.

*Phillip E. Winter,* for plaintiff in error.

*John H. Wright* and *Clarence J. Blinn,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was begun in justice court on Dec. 9, 1911, and judgment rendered in favor of defendant in error on Feb. 20, 1912, from which judgment plaintiff in error appealed to the county court of Oklahoma county. A motion to dismiss such appeal was filed by defendant in error, which was sustained on May 27, 1912. On May 29, 1912, plaintiff in error filed a motion to vacate the order dismissing the appeal, and on June 10, 1912, this motion was overruled. Plaintiff in error brings error to this court, complaining of the action of the county court in dismissing his appeal, having filed his petition in error and case-made herein on December 9, 1912.

The order made on May 27, 1912, was a final order and disposed of the case, and no motion for new trial was necessary. *Bond v. Cook,* 28 Okla. 446, 114 Pac. 723; *Powell v. Nichols,* 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886; *Williamson v. Adams,* 31 Okla. 503, 122 Pac. 499; *M. O. & G. Ry. Co. v. McClellan,* 35 Okla. 609, 130 Pac. 916.

Where a motion for a new trial is unnecessary to present for review to this court an order or judgment, the filing of such motion and decision thereon by the court are ineffectual for the purpose of extending the time within which to perfect an appeal. The time begins to run from the rendition of the judgment or order, and not from the order overruling the motion for new trial. *Manes v. Hoss,* 28 Okla. 489, 114 Pac. 698; *Holland v. Beaver,* 29 Okla. 115, 116 Pac. 76 , Ann. Cas. 1913A, 814; *Reed v. Woolly,* 31 Okla. 783, 123 Pac. 1121; *Healy*

*v. Davis,* 32 Okla. 296, 122 Pac. 157; *Boulanger v. Midland Valley Merc. Co.,* 36 Okla. 120, 128 Pac. 113; *Cowart v. Parker-Washington Co.,* 40 Okla. 56, 136 Pac. 153; *St. L. & S. F. R. Co. v. Nelson,* 40 Okla. 143, 136 Pac. 590; *Lyons v. Osborn,* 45 Kan. 650, 26 Pac. 31.

The purported case-made was filed herein on December 9, 1912, and was not served or filed within six months from May 27, 1912, and this court, therefore, lacks jurisdiction to entertain said pretended appeal. *Healy v. Davis, supra.*

By the Court: It is so ordered.