## DYSON et al. v. BUTLER.

No. 24758.   Sept. 12, 1933.

Rehearing Denied Oct. 10, 1933.

McKeown & Green, for plaintiffs in error.

Hatcher & Kice, for defendant in error.

PER CURIAM. This action was originally begun before a justice of the peace court and appealed to the county court. On the 7th day of November, 1932, the county court sustained defendant in error's motion to dismiss the appeal, and thereafter the plaintiffs in error filed a motion for new trial on the 10th day of November, 1932, and the same was overruled on the 6th day of December, 1932.

The only question before this court at this time is whether or not the petition in error together with the case-made attached has been filed within the time provided by law, and if that contention is decided against the plaintiffs in error, the other questions will not be considered.

The petition in error was filed June 6, 1933, and a final order of the court dismissing the appeal from the justice court to the county court was entered November 1, 1932. In the case of Burton v. Debolt, 48 Okla. 352, 149 P. 1079, this court said:

"A motion for new trial is not necessary to enable this court to review the action of the trial court in sustaining a motion to dismiss an appeal from a justice court.

"Where the order appealed from is made upon a motion to dismiss an appeal from a justice court, the time within which to perfect the appeal commences at the time of the entering of the final order, and not at the time of the order of the court overruling the motion for a new trial.

"Where the petition in error is filed in this court after the statute of limitations has run against an appeal, this court has no jurisdiction of the case."

The appeal is therefore dismissed.